R. Rex Parris (SBN 96567)
rrparris@rrexparris.com
Alexander R. Wheeler (SBN 239541)
awheeler@rrexparris.com
Kitty Szeto (SBN 258136)
kszeto@rrexparris.com
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
T:  (661) 949-2595 / F:  (661) 949-7524

Edwin Aiwazian (SBN 232943)
edwin@aiwazian.com
**LAWYERS for JUSTICE, PC**
43364 10th Street West
Lancaster, California 93534
T:  (661) 949-2595 / F:  (661) 949-7524

Attorneys for Plaintiff and the Settlement Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA LEIVA; individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiff,<br><br>    v.<br><br>RAPID GAS, INC., a California corporation; UNITED EL SEGUNDO, INC., a California corporation; APRO, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:12-cv-01371-CBM-JEM<br><br>**DECLARATION OF ALEXANDER R. WHEELER IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed Together with Plaintiff's Unopposed Motion for Preliminary Approval; Declarations of Edwin Aiwazian and Carla Leiva; and [Proposed] Order]<br><br>Date:        July 8, 2014<br>Time:        10:00 a.m.<br>Courtroom:  2 |

---

DECLARATION OF ALEXANDER R. WHEELER

I, Alexander R. Wheeler, declare as follows:

I am an attorney duly licensed to practice before all courts of the State of California and I am a Partner at the R. Rex Parris Law Firm, attorneys of record for Plaintiff in the above-entitled case.  The facts set forth in this declaration are within my personal knowledge and, if called as a witness, I could and would competently testify as follows.

1.     Attached hereto as **Exhibit "A"** is a true and correct copy of the fully executed Class Action Settlement Agreement and Stipulation ("Settlement Agreement").

2.     Attached hereto as **Exhibit "B"** is a true and correct copy of the proposed Notice of (1) Preliminary Approval of Class Action Settlement; (2) Final Approval Hearing; (3) Right to Object or Opt Out; and (4) Requirement to Return a Claim Form to Receive a Monetary Payment from the Settlement.

3.     Attached hereto as **Exhibit "C"** is a true and correct copy of the proposed Claim Form.

4.     I have been actively engaged in this litigation from its inception, as have several other partners, associate attorneys, and staff members in our firm.  The R. Rex Parris Law Firm has fully and actively participated in every aspect of the litigation process including, but not limited to, reviewing Defendants' discovery responses; conducting legal research; conducting case investigation; scrutinizing and analyzing hundreds of pages of documents produced by Defendants; traveling to and taking and defending 4 depositions; drafting discovery motions and motions to quash subpoenas; preparing for class certification; participating in case strategy and analysis; drafting, reviewing, and revising pleadings and the mediation brief; preparing for mediation and settlement negotiations; reviewing and negotiating the settlement the terms of the long-form settlement agreement; participating in court appearances; preparing the preliminary approval papers and supporting documents; and traveling from Lancaster to Santa Monica for the mediation.  Before filing this lawsuit, Class Counsel investigated and researched the facts and circumstances underlying the pertinent issues and applicable law.

DECLARATION OF ALEXANDER R. WHEELER

This required thorough discussions and interviews between Class Counsel and Plaintiffs and research into the various legal issues involved in the case, namely, the current state of the law as it applied to various Defendants' defenses, and the reimbursement laws. Class Counsel also engaged in extensive factual investigation into the organization and operations of Defendants' business practices. After conducting their initial investigation, Class Counsel determined that Plaintiff's claims were well suited for class action adjudication owing to what appeared to be a common course of conduct affecting a similarly situated group of hourly employees. Class Counsel has conducted formal and informal investigation into the facts of this case, including taking witness depositions, propounding extensive written discovery, reviewing Defendant's discovery responses, meeting and conferring with defense counsel, conducting an extensive review of the hundreds of pages of documents and data produced by Defendants, and speaking with various current and former employees. In particular, Class Counsel spoke with putative class members, reviewed and analyzed hundreds of pages of documents produced by Defendants, as well as policy documentation and other pertinent information. Class Counsel scrutinized and analyzed the documents to determine Defendants' degree of liability and amounts due in damages.

5.    We have worked closely with our co-counsel, Lawyers *for* Justice, PC, throughout this litigation. We conducted significant investigation and discovery into the facts of this case, including extensive meetings with the Class Representatives and absent class members; analyzed Defendants' written policies applicable to members of the Settlement Class; analyzed all of the documents Defendants produced in response to Plaintiff's requests for production of documents; and analyzed Defendants' responses to Plaintiff's written discovery.

6.    At many times during the course of this litigation, members of our firm and I interacted frequently with our co-counsel, Edwin Aiwazian, and his associate. Depending upon the activity taking place on any given day, there were times that we communicated with them on a daily basis.

2

7.      The work with our co-counsel has been a coordinated and combined effort. Areas of responsibility were divided between the firms so as to avoid unnecessary duplication of work and effort.  As an example, among other work performed, Lawyers *for* Justice, PC had primary responsibility for matters relating to communicating with the Class Representative, defending her deposition, and conducting interviews of class members.  The R. Rex Parris Law Firm actively handled various pleading and motion needs and performed legal research.  However, when the abilities of experienced and skilled counsel from our co-counsel were needed, we worked together, specifically in case strategy.  We would communicate with our co-counsel by teleconference prior to each court appearance.  The analysis of over hundreds of pages of documents produced by Defendants, and the many records also obtained outside of discovery by Class Counsel themselves, was an area where the task was divided between the firms so as to maximize the results of the analysis.  Both firms worked together to strategize the case and were actively involved in preparing the case for certification, mediation negotiations, and trial.

8.      During the course of the litigation, the parties have conducted substantial formal discovery.  We reviewed hundreds of pages of documents either produced by Defendant or obtained by Class Counsel through other sources.  These documents provided counsel with a critical understanding of the nature of the work performed by Class Members, Defendants' policies and procedures, and were used in analyzing liability and damage issues in connection with all phases of the litigation, and ultimately with the mediation process.

9.      During the pendency of the litigation, our firm and our staff, and those of our co-counsel, spoke with numerous class members, many of whom provided vital information concerning the nature of the work they performed and the hours that they worked while employed by Defendants.  The information obtained assisted Class Counsel in establishing a statistical basis for determining a reasonable estimate of the amount of damages owed to the class as a whole, as well as permitting a full and complete understanding of the work practices of Defendants.  This information proved invaluable

in negotiations with Defendant in reaching a settlement that fairly and adequately compensates the Class Members for their claims.

10.    In connection with this matter, we have devoted substantial time and resources to developing the case over the last year.  We regularly assigned three to four attorneys plus paralegals to be available to work on this case.  I have also been actively involved in the litigation and settlement negotiations.

11.    In my opinion and in the judgment of my co-counsel with extensive class action experience, this is a very reasonable settlement as it confers a substantial benefit on the Class Members.  Furthermore, it is a reasonable settlement given that Defendants contest their liability in this action and have stated that they are prepared to vigorously defend Plaintiff's claims if the action cannot be settled.  Although we believe Plaintiff's claims have a great deal of merit, parties in the litigation process always face significant risk of an adverse result, or a partially adverse result.  And continued litigation would also require substantial additional preparation and discovery, including the deposition and presentation of numerous witnesses; the consideration, preparation and presentation of documentary evidence; and the preparation and analysis of expert reports.  If this case were to go to trial, I estimate that fees and costs would easily exceed $1 million per side. The Settlement with Defendants for the consideration and on the terms set forth in the Settlement Agreement, is fair, reasonable, adequate, and is in the best interests of the Settlement Class as it will yield a prompt, certain, and very substantial recovery for the Class.  Such a result will benefit both the parties and the court system.

12.    I have practiced law in California since December of 2005, and have handled, as class counsel, numerous and significant wage-and-hour class action cases. Additionally, I was litigation and trial counsel in *Marciano v. Fahs*, Los Angeles Case No. BC375824, which resulted in the highest jury verdict of 2009.  I received a Trial Lawyer of Year award in 2009 for obtaining this verdict.  I am aware that the common and acceptable rate for contingency representation in wage-and-hour class action litigation is normally 40% before trial, with the range being from 33.3% up to 50%.

13.     The R. Rex Parris Law Firm is actively involved in both class action and complex litigation matters on an ongoing basis and has certified numerous wage-and-hour class actions in the Superior Courts of Los Angeles County, San Francisco County, Orange County, and Kern County Superior Courts, as well as the United States District Court for the Central and Northern Districts of California.  Our firm also has experience in appellate practice and has settled numerous class actions worth hundreds of millions of dollars on behalf of tens of thousands of California employees.  The R. Rex Parris Law Firm has been court-appointed class counsel in multiple cases in California state and federal courts.  Our firm resume, a true and correct copy of which is attached hereto as **Exhibit "D,"** accurately describes the firm's wage-and-hour class action experience.

14.     In this action, the Class Representative took very real steps to advance the interests of the Settlement Class in this litigation.  She brought the claim to the attention of Class Counsel.  She searched her files and produced all of the documents she had relating to her employment by Defendants.  She explained the unfair employment practices that she encountered.  She gave extensive multiple interviews and a full-day deposition to Defendants concerning her experiences.  Moreover, she took the extraordinary step of putting herself on the line by agreeing to serve as the Class Representative, with all of the attendant duties, and by agreeing to put the interests of the Class ahead of her own.  As a result of her efforts, the Settlement Class Members will benefit from substantial financial recoveries.  The efforts of the Class Representative justify a $2,000 service fee award.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of June, 2014, at Lancaster, California.

_____
Alexander R. Wheeler

DECLARATION OF ALEXANDER R. WHEELER

EXHIBIT "A"

1    FERMIN H. LLAGUNO, Bar No. 185222
     fllaguno@littler.com
2    ALAYA B. MEYERS, Bar No. 199551
     ameyers@littler.com
3    GAYLE LYNNE GONDA, Bar No. 241314
     ggonda@littler.com
4    LITTLER MENDELSON, P.C.
     2050 Main Street
5    Suite 900
     Irvine, CA  92614
6    Telephone:  949.705.3000
     Facsimile:  949.724.1201
7
     Attorneys for Defendant
8    RAPID GAS, INC., UNITED EL SEGUNDO, INC.,
     AND APRO, LLC
9
     [ADDITIONAL COUNSEL LISTED ON NEXT PAGE]
10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13   CARLA LEIVA, individually, and on         Case No.  CV12-1371-CBM (JEMx)
     behalf of other members of the general
14   public similarly situated,                **CLASS ACTION SETTLEMENT
                                                AGREEMENT AND STIPULATION**
15                 Plaintiff,

16   v.

17   RAPID GAS, INC., a California
     corporation, UNITED EL SEGUNDO,
18   INC., a California corporation, APRO,
     LLC, a Delaware limited liability
19   company; and DOES 1 through 10,
     inclusive,
20
                   Defendants.
21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**

1    R. Rex Parris, Cal. State Bar No. 96567
rrparris@rrexparris.com
2    Alexander R. Wheeler, Cal. State Bar No. 239541
awheeler@rrexparris.com
3    Kitty K. Szeto, Cal. State Bar No. 258136
kszeto@rrexparris.com
4    R. REX PARRIS LAW FIRM
43364 10th Street West
5    Lancaster, CA 935934
Telephone   (661) 949-2595
6    Facsimile    (661) 949-7524
7
8    Edwin Aiwazian, Cal. State Bar No. 232943
edwin@aiwazian.com
Arby Aiwazian, Cal. State Bar No. 269827
9    arby@aiwazian.com
Jill J. Parker, Cal. State Bar No. 274230
10   jill@aiwazian.com
Maria F. Nickerson, Cal. State Bar No. 274225
11   maria@aiwazian.com
LAWYERS *for* JUSTICE, PC
12   410 West Arden Avenue, Suite 203
Glendale, California 91203
13   Telephone   (818) 265-1020
Facsimile    (818) 265-1021
14
15   Attorneys for Plaintiff
CARLA LEIVA
16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**      1.

1    This Class Action Settlement Agreement and Stipulation is entered into
2    between Defendants Rapid Gas, Inc. ("Rapid"), United El Segundo, Inc. ("United"),
3    and Apro, LLC ("Apro") (collectively "Defendants") and Plaintiff Carla Leiva
4    ("Plaintiff"), as an individual and on behalf of Settlement Class Members as defined
5    in Paragraph 29 below.

## DEFINITIONS

7    1.    Action.  The "Action" means the class action complaint filed in the
8    United States District Court Central District of California by Carla Leiva, entitled
9    CARLA LEIVA, *individually, and on behalf of other members of the general public*
10   *similarly situated, Plaintiff, v. RAPID GAS, INC., a California corporation; UNITED*
11   *EL SEGUNDO INC., a California Corporation; APRO, LLC, a Delaware limited*
12   *liability company; and DOES 1 through 10, inclusive, Defendants,* Case No. CV 12-
13   1371 CBM (JEMx), as currently pending and as shall be amended pursuant to this
14   Agreement.

15   2.    Agreement.  "Agreement" shall refer to the instant Class Action
16   Settlement Agreement and Stipulation.

17   3.    Claim Form.  "Claim Form" means the proof of claim, the language of
18   which is to be mutually agreed upon by the Parties, and which is to be used by Class
19   Members who choose to make a claim by first class U.S. mail in the Action.

20   4.    Claim Submission Period.  The "Claim Submission Period" means the
21   time period commencing on the date Claim Forms are mailed by first class U.S. mail
22   to Class Members and ending thirty (30) days later or the deadline for Claimants to
23   submit Claim Forms by first class U.S. mail as set forth in the Notice Plan ("Notice
24   Plan" is defined in Paragraphs 21 and 49).

25   5.    Claimant.  "Claimant" means any Class Member who:  (1) has not opted
26   out of this Settlement pursuant to Paragraph 51 below; and (2) has submitted a valid
27   Claim Form by first class U.S. mail within the Claims Submission Period and,

28

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**        2.

1  therefore, has timely presented a valid claim with respect to the claims covered by this

2  Agreement.

3        6.    Claims Payment.  "Claims Payment" shall mean the total amount

4  Defendants must transfer to the Settlement Administrator to fund the Settlement

5  following Final Judgment and the Effective Date, including all Settlement Payments,

6  attorneys' fees and costs, the enhancement award, outstanding payments to the

7  Settlement Administrator, amounts allocated to employer-side payroll taxes, and the

8  payment to the LWDA.

9        7.    Class Counsel.  "Class Counsel" shall mean the R. Rex Parris Law Firm

10  and Lawyers *for* Justice, PC.

11        8.    Class Members.  "Class Members" shall mean all current and former

12  non-exempt or hourly-paid employees, such as those employees in the positions of

13  "Cashier," "Manager," "Friendly Service," "Maintenance," and "Pump and Nozzle

14  Technician," who worked for Defendants at gasoline stations operated by Rapid Gas

15  and/or Apro located in California at any time during the period of February 16, 2008

16  to the date of preliminary approval of the settlement.

17        9.    The Class.  "The Class" means all Class Members.

18        10.    Class Notice.  "Class Notice" means the document sent via first class

19  U.S. mail to the Class following preliminary approval, which is to be mutually agreed

20  upon by the Parties, that notifies Class Members of the Settlement and explains the

21  Settlement and Class Members' options.

22        11.    Class Period.  "Class Period" means the period beginning on February

23  16, 2008 and ending on the date of preliminary approval of the settlement.

24        12.    The Court.  The "Court" refers to the United States District Court,

25  Central District of California.

26        13.    Defendants.  "Defendants" means Rapid Gas, Inc., United El Segundo,

27  Inc., and Apro, LLC.

28

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**    3.

1    14.  <u>Effective Date</u>.  "Effective Date" of this Agreement means the date

2  when all of the conditions set forth in Paragraph 59 have occurred.

3    15.  <u>Final Hearing Date</u>.  "Final Hearing Date" means the hearing following

4  Class Notice at which Named Plaintiff will request that the Court approve the fairness,

5  reasonableness, and adequacy of the terms and conditions of the proposed Settlement,

6  enter the Final Approval Order and Judgment, award Class Counsel attorneys' fees

7  and costs, Named Plaintiff's enhancement, Claimants' Settlement Payments, and take

8  other appropriate or necessary action described herein.

9    16.  <u>Final Judgment</u>.  "Final Judgment" means the order or orders entered

10  and filed by the Court that:  (1) finally approves this Agreement and the Settlement,

11  disposes of all issues raised in this Action, and bars Settlement Class Members as

12  defined in Paragraph 29 below from reasserting Settled Claims against Released

13  Parties; and (2) awards and orders the payment of all required amounts pursuant to the

14  terms of this Agreement (Class Counsel's attorneys' fees and costs, Settlement

15  Payments to Claimants, etc.).

16    17.  <u>Final Settlement Hearing</u>.  "Final Settlement Hearing" means the

17  hearing on the Final Hearing Date at which the Court shall determine whether to fully

18  and finally approve the fairness and reasonableness of this Agreement, and enter an

19  order permanently enjoining all Class Members who have not timely opted out from

20  this Settlement from pursuing, or seeking to reopen, any of the Settled Claims against

21  the Released Parties.

22    18.  <u>Gross Settlement Sum or GSS</u>.  "Gross Settlement Sum" or "GSS"

23  means a maximum total payment of Six Hundred and Fifty Thousand Dollars and

24  Zero Cents ($650,000.00) payable by Defendants under this Agreement.  Defendants

25  shall not be obligated to pay more than the GSS under this Agreement.

26    19.  <u>Named Plaintiff</u>.  "Named Plaintiff" means Carla Leiva.

27    20.  <u>Net Settlement Sum or NSS</u>.  "Net Settlement Sum" or "NSS" means

28  the Gross Settlement Sum less the amounts deducted pursuant to Paragraph 45 of this

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          4.

Agreement, including the amounts awarded to Class Counsel, the enhancement to Named Plaintiff, Payment to the California Labor Workforce & Development Agency ("LWDA") to resolve claims under California's Private Attorney General Act ("PAGA"), the costs awarded for claims administration, and an amount equal to the employer's side payroll taxes owed pursuant to this Agreement.

21. <u>Notice Plan</u>. "Notice Plan" shall mean the plan for the provision of notice to all Class Members under this Agreement.

22. <u>Parties</u>. "Parties" shall mean Named Plaintiff, individually and on behalf of all Settlement Class Members as defined in Paragraph 29 below, and Defendants.

23. <u>Preliminary Approval Order</u>. "Preliminary Approval Order" is the Order entered and filed by the Court that preliminarily approves the terms and conditions of this Agreement, including approval of the Parties' agreement that specifies the content of notice and manner in which notice will be provided by first class U.S. mail to the Class.

24. <u>Released Parties</u>. "Released Parties" shall mean Rapid Gas, Inc., United El Segundo Inc., Apro, LLC and their parents, members, subsidiaries, successors, and assigns, past and present, and each of them, as well as each of their insurers, partners, trustees, directors, shareholders, officers, agents, attorneys, servants and employees, successors, and assigns, past and present, and each of them.

25. <u>Settlement</u>. "Settlement" shall refer to the agreement of the Parties to settle the claims as set forth and embodied in this Agreement.

26. <u>Settlement Administrator</u>. "Settlement Administrator" shall mean Dahl Administration, LLC, a neutral third-party administrator, or such other neutral administrator as chosen by the Parties and approved by the Court.

27. <u>Settlement Payment.</u> "Settlement Payment" means the payment to a Claimant under the terms of this Agreement (see Paragraph 45).

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**                    5.

1    28.    <u>Settled Claims</u>.  "Settled Claims" means any and all claims for relief,

2    whether suspected or unsuspected, which the Named Plaintiff or any Settlement Class

3    Member have had or now have against the Released Parties or any of them for any

4    acts occurring during the Class Period that are either or both:  (1) alleged in the Action

5    or (2) arise out of the facts, matters, transactions, or occurrences referred to in the

6    Action that could have been alleged as separate claims, causes of action, lawsuits, or

7    other theories of relief, whether under federal law, state law, or common law,

8    including violations of the Fair Labor Standards Act ("FLSA"), the California Labor

9    Code, the California Wage Orders, applicable regulations, Business and Professions

10   Code section 17200, or under PAGA.  "Settled Claims" includes all types of relief

11   available for the above referenced theories of relief, including, without limitations,

12   any claims for unpaid wages, unpaid overtime, minimum wage violations, unpaid

13   premium pay, unpaid business expenses, missed meal and rest break violations,

14   damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees,

15   costs, expenses, debts, interest, penalties, injunctive, or declaratory relief,

16   chargebacks, liquidated damages, or similar relief.  "Settled Claims" also includes an

17   express waiver of all benefits under section 1542 of the California Civil Code as to the

18   Settled Claims only.

19   29.    <u>Settlement Class/Settlement Class Member(s)</u>.  "Settlement Class

20   Member" means each Class Member who has not timely opted out of this Settlement

21   pursuant to Paragraph 51 and "Settlement Class" means a class of all Settlement Class

22   Members.

23   30.    <u>Settlement Formula</u>.  "Settlement Formula" means the method agreed

24   upon by the Parties to calculate Settlement Payments (see Paragraph 45).

25   31.    <u>Settlement Proceeds Distribution Deadline</u>.  "Settlement Proceeds

26   Distribution Deadline" means a date that is twenty (20) calendar days after the

27   Effective Date.

28

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          6.

## RECITALS

32.     On or about February 16, 2012, the Action was filed against Rapid.  The complaint filed in the Action alleged that Rapid violated the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 and sought damages for unpaid overtime, unpaid minimum wages, and unreimbursed business expenses.

33.     On March 15, 2012, Rapid filed an Answer to the complaint that generally denied the allegations in the complaint.

34.     On October 24, 2012, the Court granted the Parties' Stipulation to allow Plaintiff to file her First Amended Collective Action Complaint ("FAC") naming United as an additional defendant.  The FAC was filed on November 2, 2012.

35.     On November 16, 2012, defendants Rapid and United filed a motion to dismiss the FAC on the grounds that it contained no specific facts to allow the Court to reasonably conclude that the allegations are more than a sheer possibility and therefore did not state a claim upon which relief could be granted.

36.     On December 26, 2012, the Parties jointly stipulated to continue Defendants' Motion to Dismiss Plaintiff's FAC from January 28, 2013 to February 25, 2013.

37.     On January 29, 2013, the Court granted the Parties' Stipulation and Proposed Order to allow Plaintiff leave pursuant to Fed. R. Civ. P. 15(a)(2) to file a Second Amended Complaint (the "SAC") to (1) add Apro as an additional defendant and (2) amend the putative collective action definition to state that the collective action is brought on behalf of:

> All current and former non-exempt or hourly-paid employees, such as those employees in the position of "Cashier," "Manager," "Friendly Serve," "Maintenance," and "Pump and Nozzle Technician," who worked for Defendants at Rapid Gas and Apro gasoline stations at any time during the period of February 16, 2009 to final judgment and chose to opt-in to this action (the "Nationwide Collective Class").

Plaintiff filed her SAC on February 7, 2013.

CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION          7.

1    38.    Class Counsel investigated the facts relating to the Action both before

2   and after the mediation.  In preparation for the mediation that took place on March 19,

3   2013, the Parties engaged in substantial discovery, both formal and informal,

4   sufficient to allow the Parties to evaluate the case including the size of the putative

5   class, potential damages, and contact information for the putative class.

6    39.    On March 19, 2013, Defendants and Class Counsel, on behalf of Named

7   Plaintiff and the class, attended a full-day mediation with the Hon. Edward Infante

8   (Ret.) in an attempt to resolve all disputes related to the Action.  The Parties reached

9   an agreement to settle the Action and embodied the agreement in the March 20, 2013

10   Mediator Settlement Proposal.  The Parties' agreement, and the Mediator Settlement

11   Proposal, includes a provision that Named Plaintiff will file a Third Amended

12   Collective Action Complaint to cover all hourly non-exempt employees who work or

13   have worked at Rapid and/or Apro gas stations from February 16, 2008 to the date of

14   preliminary approval of the settlement, and asserting all state claims for unpaid wages,

15   unpaid overtime, minimum wage violations, meal & rest break violations, all

16   corresponding penalties, unpaid business expenses, section 17200 claims, and PAGA

17   claims, all of which are to be settled as part of this Settlement to ensure that

18   Defendants obtain comprehensive *res judicata* relief.

19    40.    Defendants deny and continue to deny that they engaged in any

20   misconduct in connection with their wage-and-hour practices and that they have any

21   liability or engaged in wrongdoing of any kind associated with the claims alleged in

22   the Action.  Defendants further contend that they have complied at all times with both

23   federal and state wage-and-hour laws and all other laws regulating the employer-

24   employee relationship that relate to the employment of Named Plaintiff and the Class.

25    41.    Class Counsel is of the opinion that this Settlement is fair, reasonable,

26   and adequate, and in the best interest of the Class in light of all known facts and

27   circumstances, including the risk of significant delay, defenses asserted to the merits

28   and class certification, and the numerous potential appellate issues.  While Defendants

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          8.

specifically deny any liability in the Action, Defendants have agreed to enter into this Settlement to avoid the cost and business disruption associated with defending the Action.

## **TERMS AND CONDITIONS**

NOW THEREFORE, in consideration of the recitals listed above and the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set herein, the Named Plaintiff, individually and on behalf of the Settlement Class Members, on the one hand, and Defendant, on the other hand, agree that the Action shall be, and is finally and fully compromised and settled on the following terms and conditions:

42. <u>Non-Admission of Liability</u>. The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense, and risk of continued litigation. In entering into this Agreement, Defendants do not admit, and specifically deny, they have: violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to their employees. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendants of any such violation(s) or failure(s) to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendants or to establish the existence of any condition constituting a violation of, or a noncompliance with, federal, state, local or other applicable law. In addition, as set forth in Paragraph 63, the Parties intend this Settlement to be contingent upon the preliminary and final approval of this Agreement; and the Parties do not waive, and instead expressly reserve, their

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**          9.

respective rights to prosecute and defend this Action as if this Agreement never existed in the event the Settlement is not fully and finally approved as set forth herein.

43.   <u>Release of Claims</u>.  As of the date of filing and entry of a final order and Final Judgment, Named Plaintiff, all Claimants, and all Settlement Class Members hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Released Parties of and from any and all Settled Claims.

a.   This release by Named Plaintiff, each Claimant, and each Settlement Class Member is intended to settle any and all of the Settled Claims, whether known or unknown, that any of them may have against the Released Parties during the Class Period and as to the Settled Claims only.  Therefore, as to the Settled Claims only, Named Plaintiff, each Claimant, and each Settlement Class Member waive any and all rights conferred upon them under Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

b.   In giving this release, Named Plaintiff, the Claimants, and the Settlement Class Members acknowledge that they are aware that facts may be discovered in addition to or different from those which they now know or believe to be true with respect to the subject matter of the release, but that they intend to, and by participating in this Settlement fully, finally, and forever settle and release any and all Released Parties from any and all Settled Claims without regard to the subsequent discovery or existence of such additional or different facts.

c.   As of the entry and filing of the Final Judgment, Named Plaintiff, the Claimants, and the Settlement Class Members, and all successors in interest, shall be permanently enjoined and forever barred from prosecuting any and all Settled

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          10.

1    Claims released pursuant to this Paragraph 43 against the Released Parties.  Thus,
2    subject to and in accordance with this Agreement, even if Named Plaintiff, any
3    Claimant, or any Settlement Class Member may hereafter discover facts in addition to
4    or different from those they now know or believe to be true with respect to the subject
5    matter of the Settled Claims, they shall be deemed to have, and by operation of the
6    Judgment shall have, fully, finally, and forever settled and released the Released
7    Parties from any and all Settled Claims.

8         d.     The Parties agree for settlement purposes only that, because the
9    Settlement Class Members are so numerous, it is impossible or impracticable to have
10   each Settlement Class Member execute this Agreement.   Accordingly, the Class
11   Notice will advise all Settlement Class Members of the binding nature of the release
12   and such notice shall have the same force and effect as if the Agreement were
13   executed by each Settlement Class Member.

14        e.     Named Plaintiff represents, covenants, and warrants that she has not
15   directly or indirectly assigned, transferred, encumbered or purported to assign,
16   transfer, or encumber to any person or entity any portion of any liability, claim,
17   demand, action, cause of action, or rights herein released and discharged, except as set
18   forth herein.

19        44.    <u>Full Release by Named Plaintiff</u>.   In exchange for receipt of an
20   enhancement award, Named Plaintiff fully releases and discharges Defendants and the
21   other Released Parties from any and all claims that Named Plaintiff now has or claims
22   to have, or which Named Plaintiff at any time heretofore had or claimed to have, or
23   which Named Plaintiff at any time hereafter may have or claim to have, arising out of
24   or related to any act, omission, event, fact, or other thing that existed or occurred on or
25   before the Final Hearing Date.

26        a.     Without limiting the generality of the foregoing, and in addition to
27   the foregoing, Named Plaintiff specifically and expressly releases to the maximum
28   extent permitted by law any claims against Defendants and the Released Parties

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          11.

1    occurring prior to the Preliminary Hearing Date arising out of or related to violations
2    of any federal or state employment discrimination laws, including the California Fair
3    Employment and Housing Act; Title VII of the Civil Rights Act of 1964; the federal
4    Family and Medical Leave Act; the California Family Rights Act; the Americans With
5    Disabilities Act; the National Labor Relations Act; the Equal Pay Act; the Employee
6    Retirement Income Security Act of 1974; as well as Claims arising out of or related to
7    violations of the provisions of the California Labor Code; the California Government
8    Code; California Wage Orders, the California Business & Professions Code, including
9    Business & Professions Code Section 17200 *et seq.*; PAGA; state and federal wage
10   and hour laws; breach of contract; fraud; misrepresentation; common counts; unfair
11   competition; unfair business practices; negligence; defamation; infliction of emotional
12   distress; invasion of privacy; assault; battery; false imprisonment; wrongful
13   termination; and any other state or federal law, rule, or regulation.

14           b.      This release by Named Plaintiff includes a waiver of her rights
15   under Civil Code Section 1542, the text of which is set forth in Paragraph 43a above.

16           45.     Settlement Payments and Calculation of Claims.  Subject to final Court
17   approval and the conditions specified in this Agreement, and in consideration of the
18   mutual covenants and promises set forth herein, Defendants agree to make a total
19   payment under this Agreement in an amount up to but not to exceed Six Hundred and
20   Fifty Thousand Dollars and Zero Cents ($650,000.00) (the "GSS").    The Gross
21   Settlement Sum includes, but is not limited to, the employer's and employees'
22   required payroll taxes, payments to be made to Claimants, Class Counsel's attorneys'
23   fees and costs, Settlement administration costs, payment to the LWDA, and the
24   enhancement payment to Named Plaintiff.  In no event shall Defendants be required to
25   pay any amounts above the GSS under this Settlement and this Agreement.    The
26   Parties agree, subject to Court approval, that the GSS shall be apportioned as follows:

27           a.      Class Counsel will apply to the Court for an award of attorneys'
28   fees of no more than Two Hundred Thousand Dollars and Zero Cents ($200,000.00).

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          12.

1   The attorney's fees shall come from and be deducted from the GSS. Defendants will
2   not oppose such application.

3         b.    Defendants will not oppose a request for up to Twenty-Five
4   Thousand Dollars and Zero Cents ($25,000.00) in attorney's costs, which will be
5   deducted from the GSS.

6         c.    Class Counsel will also apply to the Court for Settlement
7   Administration costs currently estimated to be approximately Twelve Thousand
8   Dollars and Zero Cents ($12,000.00), which will be deducted from the GSS.
9   Defendants will not oppose such application.

10        d.    At the final approval hearing, Class Counsel will apply to the Court
11  for an enhancement award of Two Thousand Dollars and Zero Cents ($2,000.00) to be
12  paid to Named Plaintiff for her services, for assuming the risks associated with this
13  litigation, and as consideration for providing a general release. The enhancement
14  award may be increased if the costs amount set forth in section (b) above is decreased,
15  but together, the costs and the enhancement award will not exceed Twenty-Seven
16  Thousand Dollars and Zero Cents ($27,000.00). Defendants will not oppose such
17  application. The enhancement award is included in, and shall be deducted from, the
18  GSS.

19        e.    Pursuant to California Labor Code Section 2698, *et seq.,* a payment
20  in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) shall be made
21  from the GSS to the LWDA for penalties under the PAGA, Labor Code section 2698,
22  *et seq.* This amount shall be paid entirely from the GSS and shall be distributed one-
23  hundred percent (100%) to the LWDA. The Parties stipulate to the amendment of the
24  Complaint and the filing by way of an Amended Complaint to add, among other
25  claims, claims under the PAGA.

26        f.    The employer's share of payroll taxes due as a result of any
27  payments made pursuant to this Settlement shall be paid from the GSS.

28

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**    13.

g.    The NSS will be the amount remaining after deducting the amounts specified in Paragraphs 45a to 45f above.  The NSS is currently estimated to be Four Hundred and Six Thousand Dollars and Zero Cents ($406,000.00) before the employer's share of payroll taxes.  Individual Settlement Payments to Claimants shall be awarded from the NSS based on the following apportionments:

i.    The Settlement Formula Daily Rate will be determined by calculating the total number of days of employment worked by all Settlement Class Members during the Class Period (calculated as the number of days between (1) the later of (a) the beginning of the Class Period or (b) the Class Member's hire date, and (2) the end of the Class Period) and dividing the NSS by that number.  The individual gross settlement payment for each Claimant shall be calculated by multiplying his/her total days of employment during the Class Period by the Settlement Formula Daily Rate;

ii.    Regardless of the number of Claimants, Defendants shall be required to pay Claimants a total amount of at least Two Hundred and Three Thousand Dollars and Zero Cents ($203,000.00), i.e., 50% of the NSS, inclusive of Defendant's share of payroll taxes.  In the event the number of Claimants would not result in total settlement payments of at least Two Hundred and Three Thousand Dollars and Zero Cents ($203,000.00) to all Claimants, the amount of each Claimant's individual gross settlement payment shall be increased on a pro rata basis so that Defendants pay Claimants Two Hundred and Three Thousand Dollars and Zero Cents ($203,000.00), i.e. 50% of the NSS, inclusive of Defendant's share of payroll taxes. Defendants shall pay the actual percentage of the NSS claimed if more than 50% of the NSS is claimed by Claimants.

iii.    The Parties agree that under no circumstances shall Defendants be obligated to pay any amount under this Agreement to any Class Member other than Claimants.  In addition, the Parties agree that in no event shall

1    Defendants be obligated to pay more than the Gross Settlement Sum in full settlement

2    of the Action.

3        46.    <u>Unclaimed and Unawarded Amounts</u>.   To the extent that there are

4    amounts allocated from the GSS as set forth herein that are not awarded, claimed or

5    used, such amounts will remain Defendant's property and will not be paid out by

6    Defendants and/or the Settlement Administrator as part of this Settlement.   To the

7    extent that the Court approves amounts less than those specified in Paragraph 45(a)

8    through (e) above, the difference in the requested and actually approved amounts shall

9    be added back to the NSS to be distributed to the Claimants, subject to the 50% floor.

10   All amounts not distributed to Claimants or allocated under the terms of the

11   Agreement will remain Defendant's property and will not be paid out by Defendants

12   and/or the Settlement Administrator as part of the Settlement.   Settlement checks

13   issued to Claimants that are not negotiated within 180 days of issuance shall be

14   donated to a charity selected by Defendant, consented to by Named Plaintiff, who

15   shall not unreasonably withhold her consent, and approved by the Court.   Under no

16   circumstances will a Claimant be entitled to more than his or her share of the NSS

17   pursuant to the Settlement Formulas set forth in Paragraph 42g above.   Defendants

18   shall, however, be required to pay out to all Claimants in total an aggregate sum not to

19   be less than 50% of the NSS or Two Hundred and Three Thousand Dollars and Zero

20   Cents ($203,000.00), which shall include the employer's share of payroll taxes due as

21   a result of payments to Claimants, even if the monetary value of the claims actually

22   made by Claimants, including the employer's share of payroll taxes due as a result of

23   payments to Claimants, amounts to less than 50% of the NSS.   The employer's share

24   of payroll taxes and contributions shall be included within and counted against the

25   50% minimum of the NSS to be paid by Defendant.

26       47.    <u>No Credit Toward Benefit Plans</u>.   The Settlement Payments made to

27   Claimants under this Agreement shall not be utilized to calculate any additional

28   benefits under any benefit plans to which any Claimant may be eligible, including, but

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**            15.

1   not limited to:  profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans,

2   vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is

3   the Parties' intention that this Agreement will not affect any rights, contributions, or

4   amounts to which any Claimant may be entitled under any benefit plans.

5        48.   <u>Taxation of Settlement Proceeds</u>.  All Settlement Payments paid to

6   Claimants and the Named Plaintiff shall be paid in a net amount after applicable

7   employee state and federal tax withholdings, including payroll taxes, have been

8   deducted for the portion of the Settlement Payment that is attributable to wages, as set

9   forth below.

10        a.   The Parties agree that forty-seven and one-half percent (47.5%) of

11   the amount distributed to each Claimant will be considered taxable wages and will be

12   reported as such to each Claimant on a W-2 Form.  The Parties agree that forty-seven

13   and one-half percent (47.5%) of the amount distributed to each Claimant will be

14   considered interest and will be reported as such to each Claimant on an IRS Form

15   1099.  The Parties agree that five percent (5%) of the amount distributed to each

16   Claimant will be considered penalties and will be reported as such to each Claimant

17   on an IRS Form 1099.

18        b.   The Settlement Administrator shall calculate, withhold from the

19   Settlement Payments, and remit to applicable governmental agencies sufficient

20   amounts as may be owed by Claimants for applicable employee taxes.  The Settlement

21   Administrator will issue appropriate tax forms to each Claimant consistent with the

22   foregoing breakdown.  Pursuant to Paragraph 45f, the Settlement Administrator shall

23   also calculate, withhold, and remit to applicable governmental agencies sufficient

24   amounts as may be owed by Defendants for applicable employer taxes in relation to

25   the wage portion of Settlement Payments to Claimants through the following steps:

26   the Settlement Administrator will calculate employer-side payroll taxes based on an

27   assumed one hundred percent (100%) claims rate ("Employer-Side Payroll Tax

28   Fund") and will deduct that amount from the GSS in order to reach the NSS (see

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**    16.

1  Paragraph 45f); the Settlement Administrator will calculate individual payouts from

2  the NSS based on the formulas set forth in Paragraph 45g; following the conclusion of

3  the Claims Submission Period and a Final Judgment, the Settlement Administrator

4  will pay from the Employer-Side Payroll Tax Fund the amount necessary to pay the

5  employer-side payroll taxes for all Settlement Payments to Claimants. If the claims

6  rate is less than 100%, an amount of the monies not actually exhausted from the

7  Employer-Side Payroll Tax Fund to pay the employer-side payroll taxes for all

8  Settlement Payments to Claimants that is proportionate to the claims rate shall be

9  distributed to Claimants on a *pro rata* basis as additional interest (the "Unclaimed Tax

10 Distribution"). In the event that the claims rate is less than fifty percent (50%), the

11 Unclaimed Tax Distribution will be equal to fifty percent (50%) of the monies not

12 actually exhausted from the Employer-Side Payroll Tax Fund to pay the employer-

13 side payroll taxes for all Settlement Payments to Claimants. (By way of example, if

14 there is a claims rate of seventy percent (70%) and the unexhausted Employer-Side

15 Payroll Tax Fund is equal to $1,000, then $700 of that unexhausted amount will be

16 distributed to Claimants in addition to their share of the Settlement pursuant to

17 Paragraph 45(g)(i) and (ii) above.) Any amounts not exhausted thereafter from the

18 Employer-Side Payroll Tax Fund to pay the employer-side payroll taxes for all

19 Settlement Payments to Claimants and the Unclaimed Tax Distribution shall remain

20 Defendant's property and shall not be paid out as part of this Settlement.

21        c.      All Parties represent that they have not received, and shall not rely

22 on, advice or representations from Class Counsel or Defendants' counsel regarding the

23 tax treatment of payments under federal, state, or local law. In this regard, Defendants

24 make no representations regarding the taxability of the Settlement Payments.

25        d.      Class Counsel will be issued an IRS Form 1099 for any fees and

26 costs awarded by the Court pursuant to this Paragraph. Except as provided in

27 Paragraph 45, each Party shall bear his, her, or its own attorneys' fees, costs, and

28 expenses incurred in the prosecution, defense, or settlement of the Action. Class

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          17.

1    Counsel agrees that any allocation of fees between or among each of the Class
2    Counsel or among the Class Counsel and any other attorney that may be representing
3    Named Plaintiff or the Class shall be the sole responsibility of Class Counsel. Class
4    Counsel agree to hold harmless Defendants from any claims or liability by any other
5    Party claiming or seeking to claim any attorneys' fees or costs.

6            e.      Named Plaintiff will be issued an IRS Form 1099 for any
7    enhancement award approved by the Court pursuant to Paragraph 45. The
8    enhancement award payable to Named Plaintiff shall be in addition to any payment
9    she may receive pursuant to Paragraph 45g above.

10           49.     Notice Procedure.

11           a.      *Settlement Administrator.*    The    Parties    shall    use    Dahl
12   Administration, LLC or such other mutually agreed-upon Settlement Administrator to
13   distribute the notices and the Settlement Payments and handle the tax reporting and
14   field questions with a telephonic hotline. The Settlement Administrator (along with
15   any of its agents) shall represent and warrant that it will: a) provide reasonable and
16   appropriate administrative, physical, and technical safeguards for any personally
17   identifiable information ("PII") which it receives from Defendants; b) not disclose the
18   PII to third parties, including agents or subcontractors, without Defendants' consent;
19   c) not disclose or otherwise use the PII other than to carry out its duties as set forth
20   herein; d) promptly provide Defendants with notice if PII is subject to unauthorized
21   access, use, disclosure, modification, or destruction; and e) return or destroy the PII
22   upon termination of its services.

23           b.      Within ten (10) business days following preliminary approval,
24   Twelve Thousand Dollars and No Cents ($12,000.00) will be forwarded by
25   Defendants to the Settlement Administrator to fund the distribution by first class U.S.
26   mail of Class Notices and Claim Forms and other preliminary activities of the
27   Settlement Administrator.

28

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          18.

c.      Within fifteen (15) business days after entry of the Preliminary Approval Order, Defendants shall provide to the Settlement Administrator a list of Class Members that identifies for each Class Member his/her first and last name, full Social Security number, position(s) during the Class Period, last-known address, home telephone number, the dates of his/her employment during the Class Period, and the total number of days of employment for each position held during the Class Period by each such Class Member during the Class Period.  Defendants agree to consult with the Settlement Administrator as required to provide the list in a format reasonably acceptable for the duties of the Settlement Administrator.   The Settlement Administrator will keep the list confidential, use it only for the purposes described herein, take adequate safeguards to protect confidential or private information and return or certify the destruction of the information upon completion of the Settlement Administration process.

d.      Within fifteen (15) days after receipt of the above information from Defendants, the Settlement Administrator shall send the Class Notice and Claim Form to each Class Member via first class U.S. mail.  Each unique Claim Form shall contain the number of days worked by each Class Member based on Defendants' records, as well as the estimated Individual Settlement Payment assuming a 100% claims rate. Each and every Class Member whose Class Notice and Claim Form is not returned to the Settlement Administrator as undeliverable within five (5) days after mailing is conclusively presumed to have received the Class Notice

e.      The Settlement Administrator will perform one skip trace if necessary using Social Security numbers provided by Defendants and National Change of Address searches, as needed, to verify the accuracy of the addresses provided and will conduct a second round of mailings by first class U.S. mail within seven (7) days for any forms returned to sender within fifteen (15) days of the initial mailing by the Settlement Administrator.

**CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION**                    19.

1      f.     Class Members will have thirty (30) days from the initial mailing of

2  Claim Forms by the Settlement Administrator to submit by first class U.S. mail their

3  claims or opt out, with proof of date of submission to be the postmark date of the

4  claim form or opt out notice from mailing by first class U.S. mail.  Class Members

5  will also have thirty (30) days from the initial mailing of Claim Forms by the

6  Settlement Administrator to object to the Settlement by filing an objection with the

7  Court that sets forth the basis of the objection and serving the objection on the Parties.

8      g.     The Settlement Administrator shall re-mail by first class U.S. mail

9  any Class Notice and Claim Form returned by the Post Office with a forwarding

10  address.  It shall be conclusively presumed that those Class Members whose re-mailed

11  Class Notice and Claim Form is not returned to the Settlement Administrator as

12  undeliverable within five (5) calendar days after re-mailing, actually received the

13  Class Notice and Claim Form.

14      h.     Class Counsel shall provide to the Court at or before the Final

15  Settlement Hearing a declaration from the Settlement Administrator confirming that

16  the Class Notice and related forms were mailed to all Class Members as required by

17  this Agreement, as well as any additional information Class Counsel with the input of

18  Defendants deem appropriate to provide to the Court.

19      50.    <u>Claims-Made Nature of The Settlement</u>.  The Settlement will be on a

20  claims-made basis, meaning that the Parties agree, covenant, and represent that the

21  Settlement Payments to be distributed pursuant to Paragraph 45 of this Agreement

22  shall be distributed to Claimants only.  Therefore, individual Class Members will be

23  entitled to receive a Settlement Payment only if the Class Member does all of the

24  following:  (i) completes the Claim Form in its entirety; (ii) signs the Claim Form

25  certifying that its contents are true and correct; and (iii) returns by first class U.S. mail

26  the Claim Form that is postmarked on or before the expiration of the Claim

27  Submission Period.  Class Members who do not properly or timely submit a Claim

28  Form by first class U.S. mail will not be entitled to any portion of the Net Settlement

**CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION**    20.

1    Sum. As indicated above, the NSS will be calculated after deducting attorneys' fees

2    and costs, administrative fees, enhancement to the Named Plaintiff, the amount to the

3    LWDA, and employer's side payroll taxes based on a 100% claims rate. Any and all

4    amounts in the NSS not distributed to Claimants pursuant to Paragraphs 45, 48(b), 49,

5    or 51 will remain the property of Defendants and not be part of the Settlement as set

6    forth in Paragraph 46.

7         51.    Claims Procedure.

8              a.    Upon receipt of any Claim Form within the Claim Submission

9    Period, the Settlement Administrator shall review the Claim Form to verify the

10   information contained therein, to determine the eligibility of the person submitting the

11   Claim Form to receive a Settlement Payment, and to determine the net amount of the

12   Settlement Payment to be made in accordance with the terms of this Agreement. In

13   the event that a Claim Form is defective or incomplete, the Settlement Administrator

14   will promptly notify the Class Member of the defect or deficiency and permit the

15   Class Member to cure the defect by the Final Hearing Date. Any Claim Form that is

16   cured after the Final Hearing Date will not be considered effective; provided,

17   however, that if the Settlement Administrator determines that the defect or deficiency

18   is immaterial and the Settlement Administrator is still able to process the claim, the

19   Settlement Administrator may in its discretion and with approval of the Parties accept

20   the claim as a timely and valid claim without sending a deficiency notice.

21             b.    Any Class Member who fails to submit a timely, complete, and

22   valid Claim Form shall be barred from receiving any Settlement Payment pursuant to

23   this Agreement. The Settlement Administrator shall not review or consider any Claim

24   Form postmarked after the end of the Claim Submission Period, nor shall the

25   Settlement Administrator make any distribution whatsoever with respect to any Claim

26   Form received after the end of the Claim Submission Period, without the written

27   consent of the Parties. It shall be conclusively presumed that, if a Claim Form is not

28   postmarked on or before the last day of the Claim Submission Period, the Class

CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION          21.

1   Member did not return the Claim Form in a timely manner.  Under no circumstances

2   shall the Settlement Administrator have the authority to extend the deadline for Class

3   Members to file a Claim Form.

4           c.      The Claim Form will include a procedure by which a Class Member

5   may challenge the number of workdays identified on his/her Claim Form by

6   submitting a written challenge to the Settlement Administrator, along with the signed

7   Claim Form by the expiration of the Claims Submission Period.  A Class Member

8   challenging the number of workdays identified on the Claim Form must also submit

9   documentary evidence sufficient to prove the number of workdays worked during the

10  Class Period.  Defendants shall have the right to respond to the challenge by any Class

11  Member.  The Parties will meet-and-confer to resolve mutually the challenge to the

12  number of workdays or any other specifics raised by Claimant(s) and make a final and

13  binding determination without hearing or right of appeal.  To the extent the challenges

14  cannot be resolved they will be submitted to the Court for determination at the Final

15  Hearing Date.

16          d.      Within seven (7) days of the close of the Claims Submission Period,

17  the Settlement Administrator will provide Class Counsel and Defendants' counsel

18  with a report listing the number of Class Members that filed claims, opt out notices,

19  objections, and the total amount of all Settlement Payments to be made to Claimants.

20  After receiving the Settlement Administrator's report, Class Counsel and Defendants'

21  counsel shall jointly review the same to determine if the calculation of payments to

22  Claimants is consistent with this Agreement.

23          e.      Opt Out Procedure.  Unless a Class Member opts out of the

24  Settlement described in this Agreement, he/she shall be bound by the terms and

25  conditions of this Agreement, and shall also be bound by the Court's Order enjoining

26  all Settlement Class Members from pursuing, or seeking to reopen, any of the Settled

27  Claims against the Released Parties, regardless of whether he or she timely submits a

28  Claim Form.  A Class Member will not be entitled to opt out of the Settlement

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**          22.

1  established by this Agreement unless he or she does all of the following:  (i) properly
2  and completely fills out the agreed upon opt out request form; (ii) signs the opt out
3  request form; and (iii) returns the opt out request form via first class U.S. mail so that it
4  is postmarked on or before the expiration of the Claim Submission Period.

5          i.      Upon receipt of any opt out request within the Claim
6  Submission Period, the Settlement Administrator shall review the request to verify the
7  information contained therein and confirm that the request complies with the
8  requirements of this Agreement.  The Settlement Administrator shall also review its
9  records to determine whether the Class Member submitted a Claim Form.  If a Class
10  Member submits both a Claim Form and opt out request, the Claim Form will be
11  considered valid, and the opt out request rejected.

12          ii.     Any Class Member who fails to submit via first class U.S.
13  mail a timely, complete, and valid request to opt out of the Settlement shall be barred
14  from opting out of this Agreement or the Settlement.  The Settlement Administrator
15  shall not review or consider any opt out request postmarked after the end of the Claim
16  Submission Period.  It shall be conclusively presumed that, if an opt out request is not
17  postmarked on or before the end of the Claim Submission Period, the Class Member
18  did not make the request in a timely manner.  A declaration submitted by any Class
19  Member attesting to the mailing of an opt out request on or before the expiration of the
20  Claim Submission Period shall be insufficient to overcome the conclusive presumption
21  that the opt out was not postmarked on or before the expiration of the Claim
22  Submission Period.  Under no circumstances shall the Settlement Administrator have
23  the authority to extend the deadline for Class Members to file a request to opt out of the
24  Settlement.

25          f.      If four percent (4%) or more of the Class Members timely opt out of
26  the Settlement, Defendants shall have the sole and absolute discretion to withdraw
27  from this Agreement within ten (10) days after expiration of the Claim Submission
28  Period.  Defendants shall provide written notice of such withdrawal to Class Counsel.

CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION          23.

1    In the event that Defendants elect to so withdraw, the withdrawal shall have the same

2    effect as a termination of this Agreement for failure to satisfy a condition of

3    Settlement and the Agreement shall become null and void and have no further force or

4    effect.   If Defendants chooses to terminate this Agreement under this provision, it

5    shall be responsible to pay the Settlement Administrator's fees and costs.   If the

6    Agreement is terminated or breached in any way by Plaintiff, then Class Counsel shall

7    be responsible to pay the Settlement Administrator's fees and costs.

8          d.    Objections to Settlement.   Any Settlement Class Member may

9    object to the Settlement.   Any such objection must be filed with the clerk of the Court

10   and served on all counsel by the close of the Claim Submission Period.   Otherwise,

11   such objection shall conclusively be deemed waived, and the Settlement Class

12   Member will be barred from asserting any objection.

13         52.    Distribution of Settlement.   In accordance with the Notice Plan, the

14   Settlement Administrator shall promptly provide written notice to Class Counsel and

15   Defendants' counsel of the number of Claimants and the amount of the Claims

16   Payment.   Within twenty (20) calendar days after the Effective Date, Defendants shall

17   remit to the Settlement Administrator an amount equal to the Claims Payment.   The

18   remittance of the Claims Payment to the Settlement Administrator shall constitute full

19   and complete discharge of the entire obligation of Defendants under this Agreement.

20   No Released Party shall have any further obligation or liability to Class Counsel,

21   Named Plaintiff, Settlement Class Members, or to Claimants under this Agreement

22   after receipt by the Settlement Administrator of the Claims Payment.

23         a.    The Parties agree that the Claims Payment will qualify as a

24   settlement fund pursuant to the requirements of Section 468(B)(g) of the Internal

25   Revenue Code of 1986, as amended, and Section 1.468B-1 *et seq.* of the income tax

26   regulations.   Furthermore, the Settlement Administrator is hereby designated as the

27   "Administrator" of the qualified settlement funds for purposes of Section 1.46B-2(k)

28   of the income tax regulations.   As such, all taxes imposed on the gross income of the

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          24.

Claims Payment and any tax-related expenses arising from any income tax return or other reporting document that may be required by the Internal Revenue Service or any state or local taxing body will be paid from the Claims Payment.

b.     The distribution of Settlement Payments to Claimants shall occur no later than the Settlement Proceeds Distribution Deadline.   The Settlement Administrator shall be deemed to have timely distributed Settlement Payments if it places in the mail (first class U.S.) Settlement Payments for all Claimants by the Settlement Proceeds Distribution Deadline.  No person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Defendants' counsel, or any other agent designated by Named Plaintiff or Defendants based upon the distribution of Settlement Payments made substantially in accordance with this Agreement or further orders of the Court.

c.     The distribution of attorneys' fees, costs, and the enhancement award shall occur by the Settlement Proceeds Distribution Deadline.

d.     Upon transfer of the Claims Payments to the Settlement Administrator, Defendant, the Released Parties, Defendant's counsel, and the Settlement Administrator shall have no further liability or responsibility to Class Counsel or to any vendors or third parties employed by Named Plaintiff or Class Counsel.

e.     Defendants shall not be obligated to make any payments contemplated by this Agreement unless and until the Court enters the Final Order and Final Judgment, and after the Effective Date of the Agreement, and no amounts will be owed or payable until all appeals or other collateral attack have been lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.

53.     <u>Binding Effect of Agreement on Settlement Class Members</u>.  Subject to final Court approval, all Settlement Class Members shall be bound by this Agreement and the Action and the Settled Claims shall be released as against the Released

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**                    25.

1    Parties.  In addition, unless the Class Member opts out of the Settlement described in

2    this Agreement, he/she shall be bound by the Court's Order enjoining all Settlement

3    Class Members from pursuing, or seeking to reopen, Settled Claims against the

4    Released Parties, regardless of whether he or she timely submits a Claim Form.

5         54.    <u>Provisional Approval of Settlement</u>.  Upon execution of this Agreement,

6    Named Plaintiff shall file a motion in the Action requesting that the Court enter the

7    Preliminary Approval Order based on an agreed-upon Settlement schedule:

8              a.    Preliminarily   approving   the   proposed   Settlement   and   this

9    Agreement;

10             b.    Preliminarily approving the appointment of Named Plaintiff as

11   representative of the Class for settlement purposes, if not otherwise accomplished by

12   class certification;

13             c.    Preliminarily approving the appointment of Class Counsel as

14   counsel for the Class;

15             d.    Appointing and approving Dahl Administration, LLC to administer

16   the claims and Settlement Payment procedures required by this Agreement;

17             e.    Approving the form of the Class Notice, Claim Form, and Opt Out

18   Form, and requiring that each be sent to Class Members by first class U.S. mail;

19             f.    Approving the Notice Plan;

20             g.    Scheduling the Final Settlement Hearing for consideration of class

21   certification and final approval of this Agreement;

22             h.    Approving the procedure for Class Members to submit by first class

23   U.S. mail Claim Forms or to opt out of the Settlement and setting a date after which

24   no Class Members shall be allowed to submit Claim Forms or requests to opt out;

25             i.    Approving the procedure for Class Members to object to the

26   Settlement; and

27             j.    Defendants shall not oppose Class Counsel's motion for preliminary

28   approval of the Settlement so long as the motion and supporting papers are consistent

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**          26.

with the terms of this Agreement.  Class Counsel shall provide Defendants with a reasonable opportunity to review, and provide comments to, the motion for preliminary approval of the Settlement before the motion and supporting papers are filed with the Court.  Notwithstanding the foregoing, Defendants may, without opposing the preliminary approval motion, advise the Court if Defendants disagree with any of the factual statements included by Named Plaintiff in the motion and supporting papers.

55. <u>Non-Interference with Claims Procedure</u>.  The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Class Members to submit requests for exclusion or objections to the Settlement or to appeal from the Final Order or Final Judgment.

56. <u>Final Order</u>.  Named Plaintiff will request, and Defendants will concur in said request, that the Court enter, after the Settlement Hearing finally approving this Agreement, a Final Order drafted by Plaintiff in the form that is consistent with this Agreement and subject to prior review and approval by Defendants.  Named Plaintiff will request that the Final Judgment find that this Agreement and Settlement is fair, just, equitable, reasonable, adequate and in the best interests of the Class; permanently enjoin all Settlement Class Members from pursuing, or seeking to reopen, Settled Claims against the Release Parties; and require the Parties to carry out the provisions of this Agreement.

57. <u>Waiver of Appeal</u>.  Subject to preliminary and final approval of this Settlement, each Party expressly waives its right to appeal this Settlement, with the sole and limited exception that Plaintiff reserves the right to appeal from an order awarding a total amount of attorney's fees, costs, and enhancement award under this Settlement that is less than the total amount sought by Plaintiff under this Agreement.  The issue raised on appeal will be limited and confined to the amount allocated to Class Counsel under Paragraph 45a, b, and d.

**CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION**          27.

58.   Entry of Final Judgment.  At the Final Hearing Date, Named Plaintiff will request, and Defendants will concur in said request, that the Court enter a Final Judgment of this Action.

59.   Effective Date of Agreement.  The "Effective Date" of this Agreement shall be conditioned upon all of the following occurring:

a.   This Agreement has been signed by the Parties, Class Counsel, Defendants, and Defendants' counsel;

b.   The Court has entered a preliminary approval order substantially similar to the Preliminary Approval Order;

c.   The Court-approved Class Notice has been mailed to the Class Members as ordered by the Court in this Action;

d.   The Court has entered a final order in a form substantially similar to the Final Order;

e.   The Court has entered and filed a final judgment in a form substantially similar to the Final Judgment; and

f.   All appeals or other collateral attack have been lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.  No amounts will be owed or payable until all appeals or other collateral attack have been lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.

60.   Automatic Voiding of Agreement if Settlement Not Finalized.  If for any reason the Settlement set forth in this Agreement does not become final, the Settlement shall be null and void and the orders and judgment to be entered pursuant to this Agreement shall be vacated; and the Parties will be returned to the status quo prior to entering this Agreement with respect to the Action, as if the Parties had never entered into this Agreement.  In addition, in such event, the Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Agreement and

**CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION**          28.

1    all negotiations shall not be admissible or discoverable in the Litigation and/or Action

2    or otherwise.

3          61.    No Injunctive Relief.  The Parties agree that the Settlement does

4    not include injunctive relief against Defendants.

5          62.    Confidentiality and Non-Disparagement.

6          a.    The Parties and their counsel will not initiate nor respond to public

7    relations or media inquiries about the Settlement.

8          b.    Named Plaintiff and Class Counsel agree to maintain the

9    confidentiality of any documents produced, formally or informally, during the course

10   of the Action.  Named Plaintiff and Class Counsel agree to return to Defendants'

11   counsel, or destroy, any information designated as confidential during the course of

12   the Action.

13         c.    Named Plaintiff agrees that she shall not make any disparaging

14   remarks about Defendants or any of the Released Parties.

15         63.    Invalidation of Agreement for Failure to Satisfy Conditions.  The terms

16   and provisions of Paragraphs 1 through 77 (except for paragraphs 32-41) of this

17   Agreement are not recitals, but are deemed to constitute contractual terms.  The Court

18   may allocate less to Named Plaintiff, Class Counsel, and/or the LWDA than indicated

19   in Paragraphs 45a, 45b, 45d and 45e without impacting the validity and enforceability

20   of the Agreement.  The Court may allocate less to the Settlement Administrator than

21   indicated in Paragraph 45c provided the actual amount spent by the Settlement

22   Administrator is less than the maximum set forth in that Paragraph.  Except for the

23   provisions set forth in the preceding two sentences, in the event that any of the terms

24   or conditions set forth in Paragraphs 1 through 77 of this Agreement are not fully and

25   completely approved by the Court and satisfied, this Agreement shall terminate at the

26   option of either Party, or both, and all terms of the Agreement including, any

27   payments by Defendant, shall be null and void.  Without limiting the generality of the

28

**CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION**    29.

1   foregoing, if this Agreement is terminated for failure to satisfy any of the terms or

2   conditions of Paragraphs 1 through 77 of this Agreement,

3           a.      Defendants shall not be obligated to create or maintain any type of

4   settlement fund, and shall not be obligated to make any Claim Payment to any Class

5   Member, to Class Counsel, or to the Named Plaintiff.

6           b.      the Agreement and all negotiations, Court orders, and proceedings

7   relating thereto shall be without prejudice to the rights of the Named Plaintiff, Class

8   Members, and Defendant, each of whom shall be restored to their respective positions

9   existing prior to the execution of this Agreement, and evidence relating to the

10  Agreement and all negotiations shall not be discoverable or admissible in the Action

11  or any other litigation.

12          c.      Defendants will not have waived, and instead expressly reserve,

13  their rights to challenge the continuing propriety of class certification for any purpose.

14          d.      Named Plaintiff will not have waived, and instead expressly

15  reserves, her rights to move for collective and/or class certification.

16          e.      To the extent one exists, the Preliminary Approval Order shall be

17  vacated in its entirety and neither this Agreement, the Preliminary Approval Order,

18  nor any other document in any way relating to any of the foregoing, shall be relied

19  upon, referred to, or used in any way for any purpose in connection with any further

20  proceedings in this or any related action, including class certification proceedings.

21          64.     Notices.   All notices, requests, demands, and other communications

22  required or permitted to be given pursuant to this Agreement shall be in writing, and

23  shall be delivered by first class U.S. mail to the attorneys listed in the caption above

24  and the Settlement Administrator.

25          65.     Modification in Writing.   This Agreement may be altered, amended,

26  modified or waived, in whole or in part, only in a writing signed by all signatories to

27  this Agreement.  This Agreement may not be amended, altered, modified or waived,

28  in whole or in part, orally.

CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION                    30.

66.   <u>Ongoing Cooperation</u>.   Named Plaintiff and Defendants and each respective counsel shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.  The executing of documents must take place prior to the Final Hearing Date.

67.   <u>Binding on Successors</u>.  This Agreement shall be binding and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs, and legal representatives.

68.   <u>Entire Agreement</u>.  This Agreement constitutes the full, complete, and entire understanding, agreement, and arrangement between Named Plaintiff and the Settlement Class Members on the one hand and Defendants on the other hand with respect to the settlement of the Action and the Settled Claims against the Released Parties.  This Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the settlement of the Action and the Settled Claims against the Released Persons.  Except those set forth and included expressly in this Agreement, there are no other agreements, covenants, promises, representations, or arrangements between the Parties with respect to the settlement of the Action and the Settled Claims against the Released Persons.  The Parties explicitly recognize California Civil Code Section 1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is to be construed according to its terms, and may not be varied or contradicted by extrinsic evidence, and agree that no such extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.

69.   <u>Execution in Counterparts</u>.  This Agreement may be signed in one or more counterparts.  All executed copies of this Agreement, and photocopies thereof (including facsimile copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

70.     Captions.   The captions and section numbers in this Agreement are inserted for the reader's convenience and in no way define, limit, construe, or describe the scope or intent of the provisions of this Agreement.

71.     Governing Law.   This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the state of California, without regard to conflict of law rules.

72.     Reservation of Jurisdiction.   Notwithstanding entry and filing of Final Judgment, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

73.     Mutual Preparation.   The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement.  Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

74.     Warranties and Representations.   With respect to themselves, each of the Parties to this Agreement and/or their agents or counsel represent, covenant, and warrant that (a) they have full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery, and performance of this Agreement and (b) the person executing this Agreement has the full right, power, and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power, and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

75.     Representation by Counsel.   The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.  Further, Named Plaintiff and Class Counsel warrant and represent,

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**            32.

1   to their knowledge, that there are no liens on the Agreement, and that after entry by

2   the Court of the Final Judgment, Defendants may distribute funds to Claimants, Class

3   Counsel, and Named Plaintiff as provided by this Agreement.

4        76.    <u>Authorization by Named Plaintiff</u>.   Named Plaintiff authorizes Class

5   Counsel to sign this Agreement and further agrees not to request to be excluded from

6   the Class and not to object to any terms of this Agreement.   Any such request for

7   exclusion or objection shall therefore be void and of no force or effect.

8

9

10

11   Dated:  January 24, 2014

12                                    CARLA LEIVA

13

14   Dated:  January ___ ,2014        _____

15                                    Name:_____

16                                    Title:_____

17                                    On Behalf of Defendant Rapid Gas, Inc.

18

19   Dated:  January ___, 2014        _____

20                                    Name:_____

21                                    Title:_____

22                                    On Behalf of Defendant United El Segundo, Inc.

23

24   Dated:  January ___, 2014        _____

25                                    Name:_____

26                                    Title:_____

27                                    On Behalf of Defendant Apro, LLC

28

**CLASS ACTION SETTLEMENT**
**AGREEMENT AND STIPULATION**          33.

to their knowledge, that there are no liens on the Agreement, and that after entry by the Court of the Final Judgment, Defendants may distribute funds to Claimants, Class Counsel, and Named Plaintiff as provided by this Agreement.

76. <u>Authorization by Named Plaintiff</u>. Named Plaintiff authorizes Class Counsel to sign this Agreement and further agrees not to request to be excluded from the Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

Dated: January ___, 2014 _____

CARLA LEIVA

Dated: January 22 ,2014 _____

Name: _____

Title: _____

On Behalf of Defendant Rapid Gas, Inc.

Dated: January 22, 2014 _____

Name: _____

Title: _____

On Behalf of Defendant United El Segundo, Inc.

Dated: January 22, 2014 _____

Name: _____

Title: _____

On Behalf of Defendant Apro, LLC

**CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION**

33.

**APPROVED AS TO FORM**

Dated:     January _30_, 2014

_____
EDWIN AIWAZIAN
LAWYERS for JUSTICE, PC
Attorneys for Plaintiff
CARLA LEIVA

Dated:     January ___, 2014

_____
FERMIN H. LLAGUNO
ALAYA B. MEYERS
GAYLE LYNNE GONDA
LITTLER MENDELSON, P.C.
Attorneys for Defendants
RAPID GAS, INC., UNITED EL SEGUNDO,
INC., and Apro, LLC

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**

34.

1  **APPROVED AS TO FORM**

2

3  Dated:   January ___, 2014

4  _____
   EDWIN AIWAZIAN
   LAWYERS for JUSTICE, PC
   Attorneys for Plaintiff
   CARLA LEIVA

5

6

7  Dated:   January 23, 2014

8  _____
   FERMIN H. LLAGUNO

9  ALAYA B. MEYERS
   GAYLE LYNNE GONDA

10 LITTLER MENDELSON, P.C.
   Attorneys for Defendants

11 RAPID GAS, INC., UNITED EL SEGUNDO,
   INC., and Apro, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**                34.

Exhibit "B"

**IMPORTANT LEGAL NOTICE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA LEIVA; individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>RAPID GAS, INC., a California corporation; UNITED EL SEGUNDO, INC., a California corporation; APRO, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV12-1371-CBM (JEMx)<br><br>NOTICE OF 1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) FINAL APPROVAL HEARING; (3) RIGHT TO OBJECT OR OPT OUT; AND (4) REQUIREMENT TO RETURN A CLAIM FORM TO RECEIVE A MONETARY PAYMENT FROM THE SETTLEMENT<br><br>THIS NOTICE AFFECTS YOUR RIGHTS - PLEASE READ IT CAREFULLY. |

TO:     ALL CURRENT AND FORMER NON-EXEMPT OR HOURLY-PAID EMPLOYEES, SUCH AS THOSE EMPLOYEES IN THE POSITION OF "CASHIER," "MANAGER," "FRIENDLY SERVICE," "MAINTENANCE," AND "PUMP AND NOZZLE TECHNICIAN," WHO WORKED FOR RAPID GAS, INC., UNITED EL SEGUNDO, INC., AND/OR APRO, LLC AT GASOLINE STATIONS OPERATED BY RAPID GAS AND/OR APRO LOCATED IN CALIFORNIA AT ANY TIME DURING THE PERIOD OF FEBRUARY 16, 2008 TO _____ [*DATE OF PRELIMINARY APPROVAL*].

YOU ARE HEREBY NOTIFIED that on _____ [*date of preliminary approval*], the Court held a Preliminary Approval hearing during which it preliminarily approved a proposed class settlement (the "Settlement") of the above-captioned purported class action ("the Lawsuit") filed in United States District Court, Central District of California ("the Court").  The proposed Settlement will resolve all class claims in this Lawsuit.  The Court has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the Settlement of this Lawsuit and your legal rights under the Settlement.

**If you would like to receive money from the Settlement, you must return the enclosed Claim Form via first class U.S. mail, and it must be postmarked by _____ [*30 days from the initial mailing of Notice and Claim Form*].  If you fail to file a Claim Form by that date, you will receive no payment under the Settlement, but you will be bound by its terms, unless you request exclusion from the Class.**  Please refer to pages 4-5 of this Notice for a more complete explanation of your options under the Settlement.

**SUMMARY OF CASE**

PLEASE NOTE: This Notice assumes that Plaintiff Carla Leiva filed her Third Amended Collective Action Complaint, as fully specified in the Class Action Settlement Agreement and Stipulation, and as was agreed by the Parties as a condition of settlement.

On February 16, 2012, Plaintiff Carla Leiva filed a complaint in United States District Court, Central District of California against Rapid Gas, Inc., on behalf of herself and other similar employees.  The complaint filed by Ms. Leiva alleged that Rapid Gas, Inc. violated Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and sought damages for unpaid overtime and unpaid minimum wages.  The Complaint was subsequently amended three times, naming United El Segundo, Inc., and Apro, LLC as additional defendants, and alleging additional claims under California Labor Code, specifically, alleging that Class Members are owed compensation for unpaid

minimum and overtime wages, meal and rest break violations, inaccurate itemized wage statements, wages not timely paid during employment, late final paychecks, failure to keep requisite payroll records, unpaid business expenses, violation of California Business and Professions Code section 17200, *et seq.*, and for violation under California Labor Code's Private Attorneys General Act of 2004 ("PAGA").  The Lawsuit seeks damages for lost wages, restitution, interest, penalties, injunctive relief, attorneys' fees and expenses, and other relief.

After extensive investigation and an exchange of relevant information, the Parties agreed to enter into private mediation to try and resolve the claims.  The Parties attended mediation on March 19, 2013 and reached the Settlement that is memorialized in the Class Action Settlement Agreement and Stipulation that is on file with the Court, and the terms of which are generally summarized in this Notice.

## POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT

Rapid Gas, Inc., United El Segundo, Inc., and Apro, LLC (collectively, "Defendants") deny that they engaged in any misconduct in connection with their wage-and-hour practices and that they have any liability or engaged in any wrongdoing of any kind associated with the claims alleged in this Lawsuit.  Defendants further contend that they have complied at all times with both federal and state wage-and-hour laws and all other laws regulating the employer-employee relationship that relate to the employment of Named Plaintiff Ms. Leiva and the Class Members.  While Defendants specifically deny any liability in this Lawsuit, Defendants have agreed to enter into this Settlement to avoid the cost and business disruption associated with defending this Lawsuit.  Neither Class Action Settlement Agreement and Stipulation, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendants of any such violation(s) or failure(s) to comply with any applicable law.

Class Counsel recognizes the expense and length of continued proceedings necessary to continue the Lawsuit against Defendants, including the risk of significant delay, defenses asserted to the merits of the claims and class certification, and the numerous potential appellate issues. Class Counsel believes the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class Members.

The Court has made no ruling on the merits of the Class Members' claims and has determined only that certification of the Class for settlement purposes is appropriate under federal and California law.

## SUMMARY OF SETTLEMENT TERMS

<u>Settlement Amount</u>.  The Class Action Settlement Agreement and Stipulation provides that Defendants will pay up to, but not to exceed, $650,000.00 (the "Gross Settlement Sum") to fully resolve the claims in the Lawsuit.  The following deductions will be made from this Gross Settlement Sum:

> <u>Settlement Administration costs</u>.  The Court has tentatively approved a payment of Settlement Administration costs, currently estimated to be approximately $12,000.00, to the Settlement Administrator, Dahl Administration, LLC, for the costs incurred in notifying the Class of this Settlement and processing any claims.

///

///

///

///

///

2

<u>Attorneys' Fees and Expenses</u>.  The Court preliminarily appointed the following attorneys as Class Counsel to represent the Class in this Lawsuit:

R. Rex Parris
Robert Alan Parris
Alexander R. Wheeler
Kitty Szeto
R. REX PARRIS LAW FIRM
43364 10th Street West
Lancaster, California 93534

Edwin Aiwazian
Arby Aiwazian
LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203
Edwin@LFJPC.com
Toll Free: (800) 265-0690

Class Counsel will ask the Court to approve an award of attorneys' fees of no more than $200,000.00, plus reimbursement of the actual litigation costs they incurred, up to $25,000.00.  Class Counsel have been prosecuting the Lawsuit on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs.  The award of attorneys' fees and litigation costs will constitute full compensation for all legal fees and litigation costs of Class Counsel in the Lawsuit, including any work they do in the future.  Class Members are not personally responsible for any fees or litigation costs/expenses.

<u>An Enhancement Award to Named Plaintiff</u>.  Class Counsel will also ask the Court to approve an Enhancement Award of $2,000.00 to be paid to Named Plaintiff Carla Leiva for her services, for assuming risks associated with this litigation, and as consideration for providing a general release of all claims she might have against Defendants.  This Enhancement Award may be increased if the amount of actual litigation costs described above (i.e., up to $25,000.00) is decreased, but together, actual litigation costs and the Enhancement Award will not exceed $27,000.00.

<u>PAGA Payment</u>.  An amount of $5,000.00 is allocated to pay all applicable penalties under PAGA. 100% of this PAGA Payment will be paid to California's Labor and Workforce Development Agency.

<u>Employer's Share of Payroll Taxes</u>.  The employer's share of payroll taxes due as a result of any payments made pursuant to the Settlement in this Lawsuit shall be paid from the Gross Settlement Sum.

<u>Payment to Class Members:  Plan of Allocation</u>.  Class Members who submit valid Claim Forms within the Claims Submission Period ("Claimants") may receive a Settlement Payment, as set forth below.

**Calculation of Settlement Payments to Claimants.**  The balance of the Gross Settlement Sum after the deductions described above is called the "Net Settlement Sum."  The Net Settlement Sum is currently estimated to be $406,000.00, before the employer's share of payroll taxes is deducted from the Gross Settlement Sum to determine the final Net Settlement Sum.

Individual Settlement Payments to Claimants will be awarded from the Net Settlement Sum based on the following apportionments:

The Settlement Formula Daily Rate will be determined by calculating the total number of days of employment worked by all Settlement Class Members during the Class Period (calculated as the number of days between (1) the later of (a) the beginning of the Class Period or (b) the Class Member's hire date, and (2) the end of the Class Period) and dividing the Net Settlement Sum by that number.  The gross amount (prior to tax withholdings) of the Individual Settlement Payment for each

Claimant will be calculated by multiplying his/her total days of employment during the Class Period by the Settlement Formula Daily Rate.

Regardless of the number of Claimants, Defendants shall be required to pay Claimants a total amount of at least $203,000.00, i.e., 50% of the Net Settlement Sum, inclusive of Defendants' share of payroll taxes.

To the extent that there are amounts allocated from the Gross Settlement Sum of $650,000.00 that are not awarded, claimed or used, such amounts will remain Defendants' property, and will not be paid out by Defendants and/or Settlement Administrator as part of this Settlement.

**Tax Information.**  47.5% of the amount distributed to each Claimant will be considered taxable wages and will be reported as such to each Claimant on a W-2 Form.  47.5% of the amount distributed to each Claimant will be considered interest and will be reported as such to each Claimant on a IRS Form 1099.  5% of the amount distributed to each Claimant will be considered penalties and will be reported as such to each Claimant on IRS Form 1099.

**Release of Claims.** If the Settlement is approved by the Court, Named Plaintiff, all Claimants, and all Class Members who do not timely opt out of the Settlement ("Settlement Class Members") will be barred from bringing certain claims against Defendants, as described below.

The Settlement will fully, finally, and forever release, settle, compromise, relinquish, and discharge Defendants and their parents, members, subsidiaries, successors, and assigns, past and present, and each of them, as well as each of their insurers, partners, trustees, directors, shareholders, officers, agents, attorneys, servants and employees, successors, successors, and assigns, past and present, and each of them (the "Released Parties") from any and all Settled Claims.  Settled Claims means any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiff Carla Leiva or any Settlement Class Member have had and now have against the Released Parties or any of them for any acts occurring during the Class Period that are either or both: (1) alleged in this Lawsuit or (2) arise out of the facts, matters, transactions, or occurrences referred to in the Lawsuit that could have been alleged as separate claims, causes of action, lawsuits, or other theories of relief, whether under federal law, state law, common law, including violations of the Fair Labor Standards Act, the California Labor Code, the California Wage Orders, applicable regulations, the California Business and Professions Code section 17200, or under PAGA.  Settled Claims includes all types of relief available for the above-referenced theories of relief, including, without limitation, any claims for unpaid wages, unpaid overtime, minimum wage violations, unpaid premium pay, unpaid business expenses, missed meal and rest break violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, penalties, injunctive, or declaratory relief, chargebacks, liquidated damages, or similar relief.  Settled Claims also includes an express waiver of all benefits under section 1542 of the California Civil Code ("Section 1542") as to the Settled Claims only.  Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

In giving the release of claims in this Lawsuit, Named Plaintiff Carla Leiva, the Claimants, and the Settlement Class Members acknowledge that they are aware that facts may be discovered in addition to or different from those that they now know or believe to be true with respect to the subject matter of the release, but that they intend to, and by participating in this Settlement fully, finally, and forever settle and release any and all Released Parties from any and all Settled Claims without regard to the subsequent discovery or existence of such additional or different facts.

## YOUR OPTIONS UNDER THE SETTLEMENT

**Option 1 – *Submit the Enclosed Claim Form for Payment***

If you would like to receive money from the Settlement, you must complete and sign the enclosed Claim Form.  You need to complete the Claim Form and promptly mail it by first class U.S. mail to the Settlement Administrator, postmarked no later than _____ [*30 days from the initial mailing of Notice and Claim Form*], 2014 in order to be eligible for an Individual Settlement Payment.

If you choose this **Option 1**, and if the Court grants Final Approval of the Settlement, you will be mailed a check for your Individual Settlement Payment.  In addition, you will be deemed to have released and waived the Settled Claims against the Released Parties.

**Option 2 – *Opt Out of the Settlement***

If you do not wish to participate in the Settlement, you can request to be excluded from the Settlement.  To do so, you must properly and completely fill out, sign, and return the enclosed Opt-Out Request Form to the Settlement Administrator via first class U.S. mail, postmarked no later than _____ [*30 days from the initial mailing of Notice and Claim Form*], 2014.

If you choose this **Option 2**, you will no longer be a Class Member.  You will not be deemed to have released the Settled Claims, but you will not receive an Individual Settlement Payment from the Settlement and you will be barred from filing any objection to the Settlement.

If a Class Member submits both a Claim Form and an Opt-Out Request Form, the Claim Form will be considered valid, and the Opt-Out Request Form will be rejected.

Any Class Member who fails to submit via first class U.S. mail a timely, complete, and valid Opt-Out Request Form shall be barred from opting out of the Settlement.

**Option 3 – *File an Objection with the Court***

If you wish to object to the Settlement, you can file an objection with the clerk of the Court explaining the reasons why you object to the Settlement.  Your objection must state your full name, address, telephone number, dates of employment with Defendants, and the basis for your objection.  Your objection must be (i) filed with the clerk of the Court, and (ii) served on each of the attorneys listed below:

|  |  |  |
|---|---|---|
| R. REX PARRIS LAW FIRM<br>Alexander R. Wheeler<br>43364 10th Street West<br>Lancaster, California 93534 | LAWYERS *for* JUSTICE, PC<br>Edwin Aiwazian<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203 | LITTLER MENDELSON, P.C.<br>Fermin H. Llaguno<br>2050 Main Street, Suite 900<br>Irvine, California 92614 |

You must file your objection with the clerk of the Court and serve it on each of the attorneys listed above no later than _____ [*30 days from the initial mailing of Notice and Claim Form*], 2014.  Late objections will be conclusively deemed waived, and the Settlement Class Member will be barred from asserting any objection.  If you file an objection, you are not excluding yourself from the Settlement.  To exclude yourself from the Settlement, you must follow the directions described above in **Option 2**.  Please note that you cannot both object to the Settlement and exclude yourself.  You must choose one option only.

If you file a valid and timely objection, you may also, if you wish, appear at the Final Approval hearing on the Settlement, set for _____ at _____a.m. in Courtroom 2 of the United States District Court, Central District of California, located at 312 North Spring Street Los Angeles, CA 90012-4701, and discuss your objection with the Court and the parties at your own expense.  The date and time of the hearing may change without notice.

**Option 4 – *Do Nothing***

You may also choose to do nothing.  If you choose this **Option 4**, and if the Court grants Final Approval of the Settlement, you will be deemed to have released the Settled Claims against the Released Parties even though you will not receive any money from the Settlement.

**ADDITIONAL INFORMATION**

This Notice is only a summary of the Lawsuit and the Settlement.  For a more detailed statement of the matters involved in the Lawsuit and the Settlement, you may refer to the pleadings, the Class Action Settlement Agreement and Stipulation, and other papers filed in the Lawsuit, which you will find at the Office of the Clerk of the United States District Court, Central District of California, located at 312 North Spring Street Los Angeles, CA 90012-4701, during regular business hours of each court day.

Please direct all inquiries regarding this Notice and/or the Settlement to the Settlement Administrator at (***) ***-****.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANTS OR DEFENDANTS' ATTORNEYS WITH INQUIRIES.**

DATED: _____, 2014          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         CENTRAL DISTRICT OF CALIFORNIA

EXHIBIT "C"

**CLAIM FORM**

**Leiva v. Rapid Gas, Inc., et al.**

**United States District Court,**

**Central District of California,**

**Case No. CV12-1371-CBM (JEMx)**

**THE DEADLINE FOR SUBMITTING THIS FORM IS _____, 2014.**

I. <u>CLAIMANT IDENTIFICATION</u>                    Please Make any Name/Address Corrections Below:

<<First>> <<Last>>

<<Address1>>                                 _____

<<Address2>>                                 _____

<<City>> <<State>> <Zip>>                    _____

II. <u>GENERAL INFORMATION</u>

As a current or former non-exempt or hourly-paid employee, specifically an employee in the position of "Cashier," "Manager," "Friendly Service," "Maintenance," and "Pump and Nozzle Technician," who worked for Rapid Gas, Inc., United El Segundo, Inc., and/or Apro, LLC at gasoline stations operated by Rapid Gas and/or Apro located in California at any time during the period of February 16, 2008 to _____ [*date of preliminary approval*] (the "Class Period"), you are a Class Member in the class action entitled <u>Leiva v. Rapid Gas, Inc.</u>, Case No. CV12-1371-CBM (JEMx), United States District Court, Central District of California.  As a Class Member (or as a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a Class Member ("Successor")), you are eligible to submit a Claim Form to participate in the Settlement reached by the Parties.

According to the payroll records maintained by Defendants, the total number of days you were employed and worked as a Class Member is: _____. Therefore, your estimated share of the settlement is $_____.

Do you agree that this information is correct?               ☐ Yes          ☐ No

If you believe the above information is **NOT** accurate, please state the total number of days you believe you were employed and worked during the Class Period: _____

<u>NOTE</u>:  You must submit documentation (pay stubs, schedules, agreements, etc.) sufficient to prove that your information is correct.

Pursuant to the Order of the Court dated _____ [*preliminary approval date*], in order to receive money from the Settlement, you must sign this Claim Form and return it by U.S. first-class mail, **postmarked no later than** _____ ***[30 days from the initial mailing of Notice and Claim Form],*** **2014** to the following address:

**Leiva v. Rapid Gas, Inc., et al.**

c/o Dahl Administration, LLC

P.O. Box [_____]

[*Address*]

[*Number*]

**If you fail to submit your Claim Form by first class U.S. mail postmarked by that date, your claim will be rejected and you will not receive any money in connection with the Settlement (although you will be bound by the other provisions of the Class Action Settlement Agreement and Stipulation approved by the Court, unless you request exclusion from the Class).**

III. <u>CERTIFICATION</u>

I have received the Notice.  I submit this Claim Form under the terms of the proposed Settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Class Action Settlement Agreement and Stipulation.  I understand that the full and precise terms of the proposed settlement are contained in the Class Action Settlement Agreement and Stipulation filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this Lawsuit.  I agree to furnish additional information to support my claim if required to do so.  If I am the Successor of the Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

Dated: _____          _____

Signature

---

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**

Enter the last four digits of your Social Security Number: ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1. The last four digits of the social security number shown on this form is part of my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; **and**
3. I am a U.S. citizen or resident alien.

*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

Dated: _____          _____

Signature

EXHIBIT "D"

# R. REX PARRIS LAW FIRM – SELECTED CLASS ACTION EXPERIENCE

➢ *Gutierrez vs. State Farm*, Los Angeles Superior Court Case No. BC 236552
   • Plaintiffs' counsel in class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California.  Certification granted, and then summary adjudication as to liability granted in favor of the class.  Case settled in 2004 for **$135,000,000.00**, with Final Approval granted in Department 309 and no objections filed.

➢ *Sekly vs. Allstate Insurance Company*, Los Angeles Superior Court Case No. BC240813
   • Plaintiffs' counsel in class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California.  Certification granted, and then summary adjudication as to liability granted in favor of the class.  Case settled in 2005 for **$120,000,000.00**, with Final Approval granted in Department 309 and no objections filed.

➢ *CNA Class Action Litigation*, Los Angeles Superior Court Case No. BC242487, Orange County Superior Court Case No. 01CC08868
   • Plaintiffs' counsel in class action misclassification case seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California.  Case settled in 2005 for **$33,000,000.00**, with Final Approval granted and no objections filed.

➢ *Parris v. Lowe's Home Improvement*, Los Angeles Superior Court Case No. BC260702
   • Plaintiffs' counsel in class action seeking payment of "off the clock" hours worked by all hourly employees of Lowe's in the State of California.  Class certification ordered by the Court of Appeal.  Case settled in 2009 for **$29,500,000.00**, with Final Approval granted and no objections filed.

➢ *Chavoya v. Southern California Edison Company*, Los Angeles County Superior Court Case No. BC366032 and BC425358
   • Plaintiffs' counsel in class action seeking overtime compensation for employees that were reclassified in February 2006 that were not employed at Edison's San Onofre Nuclear Generator facility.  Class certification granted, in part, by the trial court.  Class was provisionally certified for settlement purposes.  Case settled in 2010 for **$29,000,000.00**, with Final Approval granted and no objections filed.

➢ *Roberts vs. Coast National Insurance*, Orange County Superior Court Case No 01CC08478
   • Plaintiffs' counsel in class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California.  Certification granted, and then the matter was tried in biding arbitration.  Case settled for in excess of **$18,000,000.00** during arbitration.

➢ *Dotson vs. Royal Sun Alliance*, Orange County Superior Court Case No. 02CC01787
   • Plaintiffs' counsel in class action seeking overtime compensation for insurance claims adjusters employed by defendant in the State of California.  Case settled in 2005 for **$12,300,000.00** with Final Approval granted and no objections filed.

➢ *Ingalls v. Hallmark*, Central District of California Case Nos. CV08-04342-VBF (Ex) C/W; CV08-05330-VBF (FFMx)
   • Plaintiffs' counsel in class action seeking payment of "off the clock" hours worked by all hourly employees of Hallmark in the State of California.  Class was provisionally certified.  Case settled in 2009 for **$5,625,000.00**, with Final Approval granted and no objections filed.

➢ ***Rodriguez v. Pacific Bell Telephone Company***, Los Angeles County Superior Court Case No. BC415309
- Plaintiffs' counsel in class action seeking overtime compensation for employees employed by defendant in the State of California that were reclassified in May 2009. Class was provisionally certified. Case settled in 2010 for **$5,500,000.00**, with Final Approval granted and no objections filed.

➢ ***Kim v. Jamison***, Los Angeles County Superior Court Case No. BC400414
- Plaintiffs' counsel in misclassification class action seeking overtime compensation for all salaried exempt employees (except for high-level management and Receptionists) employed by defendant in the State of California. Class was provisionally certified. Case settled in 2009 for **$2,797,861.24**, with Final Approval granted and no objections filed.

➢ Additionally, the R. Rex Parris Law Firm is presently lead plaintiff's counsel in numerous pending consumer and employment class action cases in California, Texas and the District of Columbia. The R. Rex Parris Law Firm recently obtained a $370 million defamation verdict, Top Verdict in 2009, in *Marciano v. Fahs, et al.*, in the Los Angeles Superior Court Case No. BC375824.