1   R. Rex Parris (SBN 96567)
        rrparris@rrexparris.com
2   Alexander R. Wheeler (SBN 239541)
        awheeler@rrexparris.com
3   Kitty Szeto (SBN 258136)
        kszeto@rrexparris.com
4   **R. REX PARRIS LAW FIRM**
    43364 10th Street West
5   Lancaster, California 93534
    T:  (661) 949-2595 / F:  (661) 949-7524
6
    Edwin Aiwazian (SBN 232943)
7       edwin@aiwazian.com
    **LAWYERS *for* JUSTICE, PC**
8   43364 10th Street West
    Lancaster, California 93534
9   T:  (661) 949-2595 / F:  (661) 949-7524

10  Attorneys for Plaintiff and the Settlement Class

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  CARLA LEIVA; individually, and on         ) Case No. 2:12-cv-01371-CBM-JEM
    behalf of other members of the general    )
16  public similarly situated;                ) **DECLARATION OF CARLA LEIVA IN**
                                               ) **SUPPORT OF PLAINTIFF'S UNOPPOSED**
17              Plaintiff,                     ) **MOTION FOR PRELIMINARY APPROVAL**
                                               ) **OF CLASS ACTION SETTLEMENT**
18          v.                                 )
                                               ) [Filed Together with Plaintiff's
19  RAPID GAS, INC., a California              ) Unopposed Motion for Preliminary
    corporation; UNITED EL SEGUNDO,            ) Approval; Declarations of Alexander R.
20  INC., a California corporation; APRO,      ) Wheeler and Edwin Aiwazian; and
    LLC, a Delaware limited liability          ) [Proposed] Order]
21  company; and DOES 1 through 10,            )
    inclusive,                                 ) Date:        July 8, 2014
22                                             ) Time:        10:00 a.m.
23              Defendants.                    ) Courtroom:  2
                                               )
24                                             )

25

26

27

28

                        DECLARATION OF CARLA LEIVA

# DECLARATION OF CARLA LEIVA

I, **Carla Leiva,** hereby declare as follows:

1.    I am over 18 years of age and a resident of California.  I am the named plaintiff in the above-captioned case, and I have personal knowledge of the facts and statements set forth in this declaration, and if called upon to testify, I could and would competently testify thereto.

2.    I was employed by Defendants Rapid Gas, Inc., United El Segundo, Inc., and Apro, LLC ("Defendants") as an hourly-paid, non-exempt gasoline station employee from approximately June of 2011 to approximately January of 2012 in the State of California, County of Los Angeles.  I was classified as an hourly-paid, non-exempt employee.  I was required to work overtime hours, but Defendants did not pay me for all of the overtime hours that I worked.  Also, I was either required to work through many of my meal and rest breaks, or they were interrupted.  Further, I was not fully reimbursed for necessary business-related expenses.

3.    I decided to seek the help of an attorney about my unpaid overtime and missed/late meals and rest breaks, so I contacted Lawyers *for* Justice, PC and spoke to the attorneys there, including Edwin Aiwazian, Esq. and Arby Aiwazian, Esq., regarding the possibility of commencing a collective/class action under the Fair Labor Standards Act ("FLSA").  I wanted to do whatever I could to make sure Defendants paid me and the other aggrieved employees what was owed to us and stopped their practice of not compensating their employees for overtime hours and necessary business expenses.

4.    I commenced researching and investigating the experience of Lawyers *for* Justice, PC and the R. Rex Parries Law Firm to determine whether they had the experience and resources to handle a case of this magnitude.  I had no doubt that Defendants were going to retain competent lawyers to defend them, which I have learned from my lawyers that they did.  Also, I wanted to make sure I

1   was comfortable with the lawyers I chose so that we could have a strong,

2   cooperative relationship.  Based on my research and investigation, I decided it is in

3   my best interest, and the interest of the other employees, that I go with Lawyers *for*

4   Justice, PC and the R. Rex Parris Law Firm.  After I made my decision, I spoke

5   again with Mr. Aiwazian for approximately 2 hours to discuss my rights and

6   possible claims against Defendants, the nature of the case, my employment at

7   Defendants, and what it meant to be a class/FLSA representative.  After speaking

8   with Mr. Edwin Aiwazian and doing some research on my own, I decided to

9   authorize the filing of a collective/class action against Defendants on my behalf

10  and behalf of the other hourly-paid, non-exempt employees who worked for

11  Defendants at Rapi Gas gasoline stations.

12      5.      Since becoming involved in this case, I have spent considerable time

13  speaking with my attorneys, including several lawyers and other team members

14  from Lawyers *for* Justice, PC and R. Rex Parris Law Firm to discuss Defendants'

15  employment policies, the organization of the company, the overtime hours that I

16  worked for which I was not compensated, answering questions, and providing

17  guidance regarding the work performed by hourly-paid, non-exempt employees at

18  Defendants' gasoline stations.  In all, I spent approximately 4 hours talking with

19  my attorneys regarding these topics.

20      6.      I also spent considerable time gathering documents concerning my

21  employment as an hourly, non-exempt employee, including any and all documents

22  that relate to my employment with Defendants.  I spent approximately 2 hours

23  performing this task.

24      7.      I spent approximately 3 additional hours reviewing documents with

25  my attorneys, speaking with other former employees to let them know about the

26  case, and helping develop a strategy for obtaining information from Defendants to

27  further the case.

28  ///

8.      I attended one full day of deposition on June 27, 2012, which lasted for approximately 7 hours.  I spent over 3 hours with my attorneys, including Arby Aiwazian, Esq., preparing for the deposition.  I also spent approximately 1 hour travelling to and from my deposition, which took place in Glendale.  After the deposition, I spent at least 6 hours reviewing my testimony and discussing the contents of the deposition transcript with my attorneys.

9.      Throughout the case, I was available to speak and meet with my attorneys whenever they needed me.  I responded to them as quickly as possible and gave them as much information as I could, including names of witnesses that would be helpful to push the case forward.  I spent at least 2 to 3 additional hours speaking with my lawyers about the case and sending them documents.

10.    During the discovery phase of the lawsuit, I spent at least 2 hours speaking with my attorneys and providing them with answers to discovery, including, special interrogatories, requests for admission, and two sets of document requests.  I spent about 2 hours gathering and reviewing documents, and an additional 3 hours reviewing and verifying my discovery responses.

11.    As far as the settlement is concerned, I was available to answer any questions my attorneys had.  When my attorneys asked me to review the settlement agreement, I took about 2 hours to review the settlement agreement and I spent about 1 hour asking questions and discussing the potential settlement with my attorneys before I signed the settlement agreement.

12.    As discussed, I believe that I have done everything that my attorneys have asked of me and have tried to the best of my ability to represent the class.  I think my efforts helped to get the incredible result obtained in this case, and as a FLSA representative, I respectfully request that the Court award me an enhancement award in the amount of $2,000 for my active participation in this case.  In addition, I have been concerned about my name being associated with a lawsuit against a former employer and how it could potentially affect my

1    employment in the future.  Taking into consideration the time I dedicated to this

2    case along with the results achieved, I believe that this amount is reasonable.

3         13.    I am not related to anyone associated with Lawyers *for* Justice, PC or

4    the R. Rex Parris Law Firm.

5         14.    I have not entered into any undisclosed agreements nor have I

6    received any undisclosed compensation in this case.  The only compensation I will

7    receive is whatever amount the Court awards as an enhancement award, as well as

8    my share of the settlement fund as a class member.

9         I declare under penalty of perjury under the laws of the United States of

10   America and the State of California that the foregoing is true and correct.

11   Executed this 24th day of January, 2014, at Los Angeles, California.

12

13   _____
                   Carla Leiva

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4**

**DECLARATION OF CARLA LEIVA**