FILED
CLERK, U.S. DISTRICT COURT

OCT - 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  R. Rex Parris (Cal. State Bar No. 96567)
    *rrparris@rrexparris.com*
2  Alexander R. Wheeler (Cal. State Bar No. 239541)
    *awheeler@rrexparris.com*
3  Kitty K. Szeto (Cal. State Bar No. 258136)
    *kszeto@rrexparris.com*
4  **R. REX PARRIS LAW FIRM**
   43364 10th Street West
5  Lancaster, California 93534
   T: (661) 949-2595 / F: (661) 949-7524
6
   Edwin Aiwazian (Cal. State Bar No. 232943)
7    *edwin@aiwazian.com*
   **LAWYERS *for* JUSTICE, PC**
8  410 West Arden Avenue, Suite 203
   Glendale, California 91203
9  T: (818) 265-1020 / F: (818) 265-1021

10  Attorneys for Plaintiff

11                **UNITED STATES DISTRICT COURT**
12                **CENTRAL DISTRICT OF CALIFORNIA**

13  CARLA LEIVA; individually, and on       Case No. CV 12-01371 CBM (JEMx)
    behalf of other members of the general
14  public similarly situated;              **THIRD AMENDED CLASS AND**
                                            **COLLECTIVE ACTION**
15          Plaintiff,                      **COMPLAINT**

16      v.                                  (1) Violation of Fair Labor
                                                Standards Act, 29 U.S.C. § 207
17  RAPID GAS, INC., a California               (Unpaid Overtime);
    corporation; UNITED EL SEGUNDO,      (2) Violation of Fair Labor
18  INC., a California corporation; APRO,       Standards Act, 29 U.S.C. § 206
    LLC, a Delaware limited liability           (Unpaid Minimum Wages);
19  company, and DOES 1 through 10,        (3) Violation of California Labor
    inclusive,                                  Code § 1198 (Unpaid Overtime);
20                                          (4) Violation of California Labor
            Defendants.                         Code §§ 1194, 1197, and 1197.1;
21                                              (Unpaid Minimum Wages)
                                            (5) Violation of California Labor
22                                              Code § 226.7 (Unpaid Meal and
                                                Rest Period Premiums);
23                                          (6) Violation of California Labor
                                                Code §§ 2800 and 2802 (Unpaid
24                                              Business Expenses);
                                            (7) Violation of California Labor
25                                              Code §§ 201-204, 227.3
                                                (Untimely Wages);
26                                          (8) Violation of California Labor
                                                Code § 226 (Inaccurate Paystubs);
27                                          (9) Violation of California Labor
                                                Code § 1174(d) (Failure to Keep
28                                              Accurate Payroll Records);
                                            (10) Violation of California Labor

                THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
                        AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Code § 2698 (Private Attorney
General Act);
(11) Violation of California Business
& Professions Code § 17200

**DEMAND FOR JURY TRIAL**

Plaintiff CARLA LEIVA ("Plaintiff"), individually and on behalf of all other members of the general public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District.

## THE PARTIES

3.      Plaintiff CARLA LEIVA is a resident of the State of California, County of Los Angeles.

4.      Defendants RAPID GAS, INC. ("RAPID GAS") and UNITED EL SEGUNDO, INC. ("UNITED") were and are, upon information and belief, California corporations, doing business in California, and at all times hereinafter mentioned, employers whose employees are engaged throughout this District and the State of California.

5.      Defendant APRO, LLC ("APRO"), was and is, upon information and belief, a Delaware limited liability company, doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and the State of California.

6.      At all relevant times, RAPID GAS, UNITED, and APRO were the "employers" of Plaintiff and the other class members within the meaning of all applicable state and federal laws and statutes.

7.      At all relevant times herein mentioned, RAPID GAS, UNITED, and APRO ratified each and every act or omission complained of herein.  The acts of RAPID GAS, UNITED, and APRO were in accordance with, and represent, the official policy of RAPID GAS, UNITED, and APRO.

8.      Plaintiff is informed and believes, and based thereon alleges, that RAPID GAS, UNITED, and APRO are in some manner intentionally, negligently,

1

1   or otherwise responsible for the acts, omissions, occurrences, and transactions

2   alleged herein.

3       9.    The true names and capacities, whether corporate, associate,

4   individual or otherwise, of defendants DOES 1 through 10, inclusive, are

5   unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff

6   is informed and believes, and based on that information and belief alleges, that

7   each of the defendants herein designated as a DOE is legally responsible for the

8   events and happenings referred to in this Complaint, and unlawfully caused the

9   damages to Plaintiff and the other class members alleged in this Complaint.

10   Plaintiff will seek leave of court to amend this Complaint to show the true names

11   and capacities when the same has been ascertained.

12       10.   At all times herein relevant, RAPID GAS, UNITED, APRO and

13   DOES 1 through 10, and each of them, were the agents, partners, joint venturers,

14   representatives, servants, employees, successors-in-interest, co-conspirators and

15   assigns, each of the other, and at all times relevant hereto were acting within the

16   course and scope of their authority as such agents, partners, joint venturers,

17   representatives, servants, employees, successors, co-conspirators and assigns, and

18   that all acts or omissions alleged herein were duly committed with the

19   ratification, knowledge, permission, encouragement, authorization and consent of

20   each defendant designated herein.

21       11.   Defendants RAPID GAS, UNITED, APRO and DOES 1 through 10

22   will hereinafter be collectively referred to as "Defendants."

23       **<u>COLLECTIVE ACTION ALLEGATIONS</u>**

24       12.   Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff  brings

25   this action on her own behalf, as well as on behalf of each and all other members

26   of the general public similarly situated, and thus seeks to prosecute the FLSA

27   claims as a collective action on behalf of:

28           All current and former non-exempt or hourly-paid employees, such as

        those employees in the positions of "Cashier," "Manager," "Friendly

2

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Service," "Maintenance," and "Pump and Nozzle Technician," who worked for Defendants at gasoline stations operated by Rapid Gas and/or Apro located in California at any time during the period of February 16, 2008 to the date of preliminary approval (the "Collective Class");

13.     Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to 29 U.S.C. §216(b).

14.     Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216 (b).  Like Plaintiff, each potential member of this Collective Class must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

15.     Notice of the pendency and any resolution of this action can be provided to potential members of the Collective Class by mail, print, and/or internet publication.

16.     There is a well-defined community of interest in the litigation and the potential members of the Collective Class are readily ascertainable.

17.     There are common questions of law and fact as to the Collective Class that predominate over questions affecting only individual members, including but not limited to:

a.  Whether Defendants required Plaintiff and the Collective Class members to work over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and the Collective Class members;

b.  Whether Defendants failed to pay minimum wages to Plaintiff and The Collective Class members;

c.  Whether Defendants' conduct was willful; and

d.  Whether Plaintiff and the Collective Class members have sustained damages, and if so, what is the proper measure of those damages.

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

## CLASS ALLEGATIONS

18.     Pursuant to Fed.R.Civ.P. Rule 23(a)(l)-(4), 23(b)(2), and 23(b)(3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

19.     Plaintiff brings this action on her own behalf, as well as on behalf of a class of individuals similarly situated, and thus seeks to prosecute the claims as a class action on behalf of:

> All current and former non-exempt or hourly-paid employees, such as those employees in the positions of "Cashier," "Manager," "Friendly Service," "Maintenance," and "Pump and Nozzle Technician," who worked for Defendants at gasoline stations operated by Rapid Gas and/or Apro located in California at any time during the period of February 16, 2008 to the date of preliminary approval (the "Class");

20.     At all relevant times set forth, Defendants employed Plaintiff and the Class as employees.

21.     Defendants employed Plaintiff CARLA LEIVA in a non-exempt, hourly-paid position, from approximately July 2011 to approximately January 2012 in the State of California, County of Los Angeles.

22.     Defendants continue to employ employees in California.

23.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about Federal and state labor and wage law, employment and personnel practices, and about the requirements of Federal and state law.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the Class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the Class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for compensation for all hours worked.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the Class members were entitled to receive 30-minute meal breaks and 10-minute rest periods as required by California law, and that they were not receiving proper meal breaks and/or rest periods.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the Class members were entitled to reimbursement of all necessary business-related expenses and that they were not receiving reimbursement of all necessary business-related expenses.

28.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and the Class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and the Class members that they were properly denied wages, all in order to increase Defendants' profits.

29.     <u>Numerosity</u>:  Plaintiff is informed and believes and based on such information and belief alleges that, in conformity with Rule 23(a)(1), the potential membership in each of the class is so numerous that joinder of all members is impractical. Plaintiff estimates that there are approximately **900** Class members.

30.     <u>Questions of Law or Fact Common to the Class</u>:  Plaintiff is informed and believes and based upon such information and belief alleges that numerous questions of law and/or fact are common to all members of the Class (and that these common questions predominate over any individual issues), including, without limitation:

a.  Whether the members of the Class received all minimum wages and/or overtime wages due pursuant to California and federal law for all hours during which they were subject to Defendants' control;

b.  Whether failure to pay members of the Class overtime due based upon the regular rate of pay warrants imposition of liquidated damages;

c.  Whether Defendants failed to timely furnish accurate itemized statements to the members of the Class in conformity with Labor Code § 226(a) and, if not, whether liability for the same accrues under Labor Code § 226(e) and (g);

d.  Whether the members of the Class are entitled to penalties pursuant to Labor Code § 203;

e.  Whether Defendants' conduct constitutes unfair competition and/or unfair business practices within the meaning of B&PC § 17200 et seq.;

f.  Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

g.  Whether the members of the Class are entitled to restitution;

h.  Whether Defendants are liable for pre-judgment interest;

i.  Whether Defendants are liable for attorneys' fees and costs;

j.  Whether Defendants failed to pay members of the Class all wages due, including minimum wages, overtime wages and accrued vacation wages;

k.  Whether Defendants failed to maintain accurate records of work performed by members of the Class;

l.  Whether the members of the Class are entitled to seek recovery of compensation pursuant to Labor Code §558 and, if so, for what time period(s);

6

m. Whether the members of the Class were provided meal and rest breaks in conformity with California law, and, if not, whether members of the Class were properly compensated for Defendants' failure to provide said meal and rest breaks.

31.    Typicality:  Plaintiff is informed and believes and based on such information and belief alleges that Plaintiff's claims are typical of the claims of all Class members whom she seeks to represent.  Defendants treated Plaintiff and all Class members in a virtually identical manner with respect to the violations of law asserted herein.  These violations of law arise out of Defendants' common course of conduct in, *inter alia*, not providing Plaintiff and the Class members with minimum wages, overtime, meal and rest breaks, and reimbursement for business expenses.

32.    Adequacy:  Plaintiff is informed and believes and based on such information and belief alleges that Plaintiff will fairly and adequately protect the interests of the members of the Class she seeks to represent.  Plaintiff is an adequate member of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent.  Plaintiff has retained counsel competent and experienced in the prosecution of class actions, and Plaintiff and her counsel will vigorously prosecute this action for the benefit of the Class.  The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

33.    Superiority:  Plaintiff is informed and believes and based on such information and belief alleges that this action is properly brought as a class action, not only because the prerequisites of Rule 23 and common law related thereto are satisfied (as outlined above), but also because (a) the prosecution of separate actions by or against individual members of the Class would create risk of inconsistent or varying adjudications with respect to individual members of the Class; (b) adjudications with respect to individual Class members would be

7

dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; (c) questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and (d) class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act, 29 U.S.C. § 207
### (Against DEFENDANTS and DOES 1 through 10)

34.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33, and each and every part thereof with the same force and effect as though fully set forth herein.

35.   The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

36.   At all material times set forth herein, Plaintiff and the Collective Class members did not qualify for exempt status under the FLSA.

37.   At all material times set forth herein, Plaintiff and the Collective Class members worked in excess of forty hours in a workweek; however, the proper overtime compensation was not paid by Defendants.

38.   At all material times set forth herein, Defendants' failure to pay Plaintiff and the Collective Class members the unpaid balance of overtime compensation, violation of 29 C.F.R. 516.2, and by imposing business expenses on

them and failing to fully reimburse them for all necessary business-related expenses incurred by Plaintiff and the Collective Class, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful.  Moreover, Defendants' failure to pay Plaintiff and the Collective Class members overtime compensation and failure to reimburse all necessary business-related expenses was and is a result of a single, uniform policy or practice to deny overtime compensation to them.

39.    At all material times set forth herein, Defendants' failure to pay Plaintiff and the Collective Class members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively, Defendants' reckless disregard for the requirements of those provisions.

40.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and the Collective Class members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

**<u>SECOND CAUSE OF ACTION</u>**

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 206**

**(Against DEFENDANTS AND DOES 1 through 10)**

41.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, and each and every part thereof with the same force and effect as though fully set forth herein.

42.    Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and the Collective Class members were entitled to receive minimum wages for all hours worked.

43.    At all material times set forth herein, Defendants violated Plaintiff's and the Collective Class members' rights by failing to pay to pay them minimum wages for all hours worked, by violating 29 C.F.R. 516.2, and by imposing business expenses on them and failing to fully reimburse them for all necessary business-related expenses.

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

44.     At all material times set forth herein, Defendants' failure to pay Plaintiff's and the Collective Class members' minimum wages for all hours worked and failing to fully reimburse all necessary business-related expenses, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful.  Moreover, Defendants' failure to pay Plaintiff and the Collective Class members minimum wages and failure to reimburse all necessary business-related expenses, was and is a result of a single, uniform policy or practice to deny minimum wage compensation to them.

45.     At all material times set forth herein, Defendants' failure to pay Plaintiff and the Collective Class members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively, Defendants' reckless disregard for the requirements of those provisions.

46.     As a result of Defendants' unlawful conduct, Plaintiff and the Collective Class members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

47.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and the Collective Class members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### Violation of California Labor Code § 1198

### (Against DEFENDANTS AND DOES 1 through 10)

48.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47, and each and every part thereof with the same force and effect as though fully set forth herein.

49.     Pursuant to California Labor Code section 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of

1   pay, depending on the number of hours worked by the person on a daily or weekly
2   basis.

3       50.    Pursuant to California Labor Code section 1198, the maximum hours
4   of work and the standard conditions of labor fixed by the commission shall be the
5   maximum hours of work and the standard conditions of labor for employees.  The
6   employment of any employee for longer hours than those fixed by the order or
7   under conditions of labor prohibited by the order is unlawful.

8       51.    Pursuant to the applicable IWC Wage Order, Defendants are and were
9   required to pay Plaintiff and the other Class members at the rate of time-and-one-
10  half for all hours worked in excess of then (10) hours in a day.

11      52.    During the relevant time period, Plaintiff and the other Class members
12  worked in excess of ten (10) hours in a day.

13      53.    During the relevant time period, Defendants intentionally and
14  willfully failed to pay overtime wages owed to Plaintiff and the other Class
15  members.

16      54.    Defendants' failure to pay Plaintiff and the other Class members
17  overtime compensation, as required by California laws, violates the provisions of
18  California Labor Code section 1198, and is therefore unlawful.

19      55.    Pursuant to California Labor Code section 1194, subdivision (a),
20  notwithstanding any agreement to work for a lesser wage, any employee receiving
21  less than the legal minimum wage or the legal overtime compensation applicable to
22  the employee is entitled to recover in a civil action the unpaid balance of the full
23  amount of this minimum wage or overtime compensation, including interest
24  thereon, reasonable attorneys' fees, and costs of suit.

25      56.    Pursuant to California Labor Code section 1194, Plaintiff and the
26  other Class members are entitled to recover unpaid overtime compensation, as well
27  as interest, costs, and attorneys' fees.

28  ////

## **FOURTH CAUSE OF ACTION**

### **Violation of California Labor Code §§ 1194, 1197, and 1197.1**

### **(Against DEFENDANTS AND DOES 1 through 10)**

57.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58.    At all relevant times, California Labor Code sections 11194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

59.    During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiffs and the other Class members as required, pursuant to California Labor Code sections 11194, 1197, and 1197.1.

60.    Defendants' failure to pay Plaintiff and the other Class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other Class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

61.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

62.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

/ / / /

/ / / /

/ / / /

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7

### (Against DEFENDANTS AND DOES 1 through 10)

63.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 62, and each and every part thereof with the same force and effect as though fully set forth herein.

64.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

65.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

66.    At all relevant times, the applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

67.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

68.    During the relevant time period, Plaintiff and the other Class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

69.     During the relevant time period, Plaintiff and the other Class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

70.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other Class members the full meal period premium for work performed during meal periods.

71.     During the relevant time period, Defendants failed to pay Plaintiff and the other Class members the full meal period premium due pursuant to California Labor Code section 226.7.

72.     During the relevant time period, Defendants required Plaintiff and other Class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

73.     During the relevant time period, Defendants willfully required Plaintiff and the other Class members to work during rest periods and failed to pay Plaintiff and the other Class members the full rest period premium for work performed during rest periods.

74.     During the relevant time period, Defendants failed to pay Plaintiffs and the other Class members the full rest period premium due pursuant to California Labor Code section 226.7.

75.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code section 226.7.

76.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7 subdivision (b), Plaintiff and the other Class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

/ / / /

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

### (Against DEFENDANTS AND DOES 1 through 10)

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

79.     Plaintiffs and the other Class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including but not limited to, costs for the purchase and maintenance of work uniforms, the use of personal cell phones, and mileage and/or travel costs.

80.     Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other Class members for necessary business-related expenses and costs.

81.     Plaintiffs and the other Class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201-204, 227.3

### (Against DEFENDANTS AND DOES 1 through 10)

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     Pursuant to California Labor Code § 201, an employer must pay all compensation due and owing to the employee immediately upon the employee's discharge from employment.   Pursuant to California Labor Code § 202, an employer must promptly pay all compensation due and owing to an employee within 72 hours after an employee's voluntary termination or resignation. Pursuant to California Labor Code § 204, an employer must pay all wages due to its employees when those wages are due.  California Labor Code § 203 provides that when an employer willfully fails to pay all compensation due promptly upon discharge or resignation, the employer may be liable for waiting time penalties for up to thirty (30) days.

84.     Plaintiff is informed and believed that, because Defendants have improperly failed to pay all wages owed, they have also failed to pay all vacation accrued pursuant to California Labor Code § 227.3.

85.     By failing to compensate Plaintiff and the Class members as required by California law, as set forth above, Defendants have violated and continue to violate Labor Code § 204, which requires employers, including Defendants, to pay their employees their full wages when due.

86.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Class have sustained economic damages, including, but not limited to, unpaid wages and lost interest and penalties thereon.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code § 226

### (Against DEFENDANTS AND DOES 1 through 10)

87.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 86, and each and every part thereof with the same force and effect as though fully set forth herein.

88.     Pursuant to Labor Code Section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1   each payment of wages, an itemized wage statement accurately stating the

2   following:

3     (1) gross wages earned, (2) total hours worked by the employee, except for

4     any employee whose compensation is solely based on a salary and who is

5     exempt from payment of overtime under subdivision (a) of Section 515 or

6     any applicable order of the Industrial Welfare Commission, (3) the number

7     of piece-rate units earned and any applicable piece rate if the employee is

8     paid on a piece-rate basis, (4) all deductions, provided that all deductions

9     made on written orders of the employee may be aggregated and shown as

10    one item, (5) net wages earned, (6) the inclusive dates of the period for

11    which the employee is paid, (7) the name of the employee and his or her

12    social security number, except that by January 1, 2008, only the last four

13    digits of his or her social security number or an employee identification

14    number other than a social security number may be shown on the itemized

15    statement, (8) the name and address of the legal entity that is the employer,

16    and (9) all applicable hourly rates in effect during the pay period and the

17    corresponding number of hours worked at each hourly rate by the employee.

18    89. Defendants' illegal wage practices, including but not limited to

19  Defendants' failure to pay all wages due at least at a minimum wage rate, failure to

20  pay all overtime wages for all overtime hours worked, failure to properly calculate

21  overtime, failure to pay all vested vacation wages, and failure to provide timely

22  payment of final wages resulted in Defendants not providing hourly employees

23  with accurate and complete itemized wage statements in violation of Labor Code

24  section 226.

25    90. The wage statements Defendants provided to employees were

26  inadequate for reasons including but not limited to the following:  the wage

27  statements failed to include all of the hours Plaintiff and similarly situated Class

28  members worked, failed to accurately state the gross wages earned, and failed to

1 | included accurate hourly rates and accurate corresponding number of hours worked
2 | at each hourly rate.

3 |     91.    Defendants' failure to provide Plaintiff and the Class members with
4 | accurate wage statements was knowing and intentional. Defendants had the ability
5 | to provide Plaintiff and members of the Class with accurate and complete wage
6 | statements but intentionally provided wage statements that Defendants knew were
7 | not accurate. Defendants knowingly and intentionally put in place practices which
8 | deprived employees of wages and resulted in Defendants' knowing and intentional
9 | providing of inaccurate wage statements.

10 |     92.    As a result of Defendants' unlawful conduct, Plaintiff and members of
11 | the Class have suffered injury.

12 | **NINTH CAUSE OF ACTION**

13 | **Violation of California Labor Code § 1174(d)**

14 | **(Against DEFENDANTS AND DOES 1 through 10)**

15 |     93.    Plaintiff incorporates by reference the allegations contained in
16 | paragraphs 1 through 92, and each and every part thereof with the same force and
17 | effect as though fully set forth herein.

18 |     94.    Pursuant to Labor Code section 1174(d), "Every person employing
19 | labor in this state shall: . . . Keep, at a central location in the state or at the plants or
20 | establishments at which employees are employed, payroll records showing the
21 | hours worked daily by and the wages paid to, and the number of piece-rate units
22 | earned by and any applicable piece rate paid to, employees employed at the
23 | respective plants or establishments. These records shall be kept in accordance with
24 | rules established for this purpose by the commission, but in any case shall be kept
25 | on file for not less than two years."

26 |     95.    Pursuant to IWC Wage Order 9-2001, §§ 7(A) and (D), and 8 Cal.
27 | Code Reg., tit. 8, § 11090, for at least three years, every employer shall keep
28 | accurate information with regard to each employee including, but not limited to,
time records showing when the employee begins and ends each work period; meal

18

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1  periods, split shift intervals and total daily hours worked; total wages paid each
2  payroll period; and applicable rates of pay.

3      96.    Defendants knowingly and intentionally failed to keep accurate
4  payroll records for Plaintiff and the Class members, as required by Cal. Labor
5  Code § 1174(d), 8 Cal. Code Reg., tit. 8, § 11090, and/or IWC Wage Order 9-
6  2001, § 7(A).

### TENTH CAUSE OF ACTION
### Violation of California Labor Code § 2698
### (Against DEFENDANTS AND DOES 1 through 10)

10     97.    Plaintiff incorporates by reference the allegations contained in
11 paragraphs 1 through 96, and each and every part thereof with the same force and
12 effect as though fully set forth herein.

13     98.    At all times herein set forth, PAGA was applicable to Plaintiff's
14 employment by Defendants.

15     99.    PAGA expressly establishes that any provision of the California
16 Labor Code which provides for a civil penalty to be assessed and collected by the
17 LWDA, or any of its departments, divisions, commissions, boards, agencies or
18 employees for a violation of the California Labor Code, may be recovered through
19 a civil action brought by an aggrieved employee on behalf of himself or herself,
20 and other current or former employees.

21     100.   Whenever the LWDA, or any of its departments, divisions,
22 commissions, boards, agencies, or employees has discretion to assess a civil
23 penalty, a court in a civil action is authorized to exercise the same discretion,
24 subject to the same limitations and conditions, to assess a civil penalty.

25     101.   Plaintiff and the other non-exempt or hourly employees are
26 "aggrieved employees" as defined by California Labor Code section 2699,
27 subdivision (c) in that they are all current or former employees of Defendants, and
28 one or more of the alleged violations was committed against them.

102.   Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    a. The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

103.   On January 20, 2014, Plaintiff provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

104.   On February 19, 2014, the LWDA provided notice to Plaintiff and Defendants by certified mail that it does not intend to investigate the alleged violations.

105.   Plaintiff satisfied the administrative prerequisites under California Labor Code section 2699.3, subdivision (a), to recover civil penalties against Defendants in addition to other remedies to which the employee may be entitled.

### Failure to Pay Overtime

106.  Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 1198.

### Failure to Provide Meal Periods

107.  Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Provide Rest Periods

108.  Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

109.  Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Reimburse Necessary Business-Related Expenses and Costs

110.  Defendants' failure to reimburse necessary business-related expenses and costs to Plaintiff and other aggrieved employees in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

### Failure to Timely Pay All Compensation Due And Owing

111.  Defendants' failure to pay all compensation due and owing to Plaintiff and the other aggrieved employees in accordance with California Labor Code

1   sections 201-204 and 227.3 constitutes unlawful and/or unfair activity prohibited
2   by California Labor Code sections 2800 and 2802.

### Failure to Provide Accurate Paystubs

4   112.   Defendants' failure to provide accurate paystubs to Plaintiff and the
5   other aggrieved employees in accordance with California Labor Code section 226
6   constitutes unlawful and/or unfair activity prohibited by California Labor Code
7   sections 2800 and 2802.

### Failure to Keep Accurate Payroll Records

9   113.   Defendants' failure to keep accurate payroll records in accordance
10  with California Labor Code section 1174(d) constitutes unlawful and/or unfair
11  activity prohibited by California Labor Code sections 2800 and 2802.

12  114.   Pursuant to California Labor Code section 2699, Plaintiff,
13  individually, and on behalf of all aggrieved employees, requests and is entitled to
14  recover from Defendants and each of them, unpaid wages and/or untimely wages
15  according to proof, interest, attorneys' fees and costs pursuant to California Labor
16  Code section 218.5, as well as all statutory penalties against Defendants, and each
17  of them, including but not limited to:

18      a. Penalties under California Labor Code section 2699 in the amount of
19          a hundred dollars ($100) for each aggrieved employee per pay period
20          for the initial violation, and two hundred dollars ($200) for each
21          aggrieved employee per pay period for each subsequent violation;

22      b. Penalties under California Code of Regulations Title 8 section 11070
23          in the amount of fifty dollars ($50) for each aggrieved employee per
24          pay period for the initial violation, and one hundred dollars ($100) for
25          each aggrieved employee per pay period for each subsequent
26          violation;

27      c. Penalties under California Labor Code section 210 in addition to, and
28          entirely independent and apart from, any other penalty provided in the
            California Labor Code in the amount of a hundred dollars ($100) for

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1        each aggrieved employee per pay period for the initial violation, and

2        two hundred dollars ($200) for each aggrieved employee per pay

3        period for each subsequent violation; and

4      d.  Any and all additional penalties and sums as provided by the

5        California Labor Code and/or other statutes.

6      115.  Pursuant to California Labor Code section 2699, subdivision (i), civil

7 penalties recovered by aggrieved employees shall be distributed as follows:

8 seventy-five percent (75%) to the Labor and Workforce Development Agency for

9 the enforcement of labor laws and education of employers and employees about

10 their rights and responsibilities and twenty-five percent (25%) to the aggrieved

11 employees.

12      116.  Further, Plaintiff is entitled to seek and recover reasonable attorneys'

13 fees and costs pursuant to California Labor Code sections 2699, 218.5, and 210

14 and any other applicable statute.

15 **ELEVENTH CAUSE OF ACTION**

16 **Violation of California Business & Professions Code § 17200**

17 **(Against DEFENDANTS AND DOES 1 through 10)**

18      117.  Plaintiff incorporates by reference the allegations contained in

19 paragraphs 1 through 116, and each and every part thereof with the same force and

20 effect as though fully set forth herein.

21      118.  Defendants' conduct, as alleged in this Complaint, has been, and

22 continues to be, unfair, unlawful and harmful to Plaintiff and the other Class

23 members, and Defendants' competitors. Accordingly, Plaintiff and the other Class

24 members seek to enforce important rights affecting the public interest within the

25 meaning of Code of Civil Procedure section 1021.5.

26      119.  Defendants' activities as alleged herein are violations of California

27 law, and constitute unlawful business acts and practices in violation of California

28 Business & Professions Code sections 17200, et seq.

1    120.  A violation of California Business & Professions Code sections
2    17200, et seq. may be predicated on the violation of any state or federal law.

**Failure to Pay Overtime**

4    121.  Defendants' failure to pay overtime in violation of the Wage Orders
5    and California Labor Code section 1198, as alleged above, constitutes unlawful
6    and/or unfair activity prohibited by California Business & Professions Code
7    section 17200, et seq.

**Failing to Provide Meal Periods**

9    122.  Defendants' failure to provide legally required meal periods in
10   violation of the Wage Orders and California Labor Code section 226.7, as alleged
11   above, constitutes unlawful and/or unfair activity prohibited by California Business
12   & Professions Code sections 17200, et seq.

**Failure to Provide Rest Periods**

14   123.  Defendants' failure to provide legally required rest periods in
15   violation of the Wage Orders and California Labor Code section 226.7, as alleged
16   above, constitutes unlawful and/or unfair activity prohibited by California Business
17   & Professions Code section 17200, et seq.

**Failure to Pay Minimum Wages**

19   124.  Defendants' failure to pay minimum wages in violation of the Wage
20   Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged
21   above, constitutes unlawful and/or unfair activity prohibited by California Business
22   & Professions Code sections 17200, et seq.

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

24   125.  Defendants' failure to reimburse necessary business-related expenses
25   and costs to Plaintiff and other aggrieved employees in accordance with California
26   Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity
27   prohibited by California Business & Professions Code sections 17200, et seq.
28   / / / /

**Failure to Timely Pay All Compensation Due And Owing**

126.   Defendants' failure to pay all compensation due and owing to Plaintiff in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Provide Accurate Paystubs**

127.   Defendants' failure to provide accurate paystubs to Plaintiff and the other aggrieved employees in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Keep Accurate Payroll Records**

128.   Defendants' failure to keep accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

## PRAYER FOR RELIEF

1.   Plaintiff, on behalf of herself, and on behalf of all others members of the general public similarly situated, prays for relief and judgment against Defendants as follows:

**Collective Action and Class Certification**

2.   That the Collective Class be designated a collective action and notice issued pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

3.   That Plaintiff be appointed as the representative of the Collective Class; and

4.   That Counsel for Plaintiff be appointed as Counsel for the Collective Class.

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

5.     That the Class be designated as a class action pursuant to Fed. R. Civ. Proc. 23.

6.     That Plaintiff be appointed as the named class representative of the Class.

7.     That Counsel for Plaintiff be appointed as Counsel for the Class.

### As to the First Cause of Action

8.     For general and unpaid wages at overtime wage rates;

9.     For liquidated damages equal to the amount of unpaid compensation;

10.    For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

11.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. §216(b); and

12.    For injunctive relief;

13.    For such other and further relief as the Court may deem appropriate.

### As to the Second Cause of Action

14.    For general unpaid minimum wages;

15.    For liquidated damages equal to the amount of unpaid compensation;

16.    For pre-judgment interest on any unpaid minimum wages from the date such amounts were due;

17.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b); and

18.    For injunctive relief;

19.    For such other and further relief as the Court may deem appropriate.

### As to the Third Cause of Action

20.    That the court declare, adjudge and decree that Defendants violated California Labor Code section1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other Class members;

21.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

1     22.   For pre-judgment interest on any unpaid overtime compensation

2  commencing from the date such amounts were due;

3     23.   For damages and penalties pursuant to California Labor Code section

4  558(a).

5     24.   For reasonable attorneys' fees and costs of suit incurred herein pursuant

6  to California Labor Code section 1194; and

7     25.   For such other and further relief as the court may deem just and proper.

8               **As to the Fourth Cause of Action**

9     26.   That the court declare, adjudge and decree that Defendants violated

10  California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

11  minimum wages to Plaintiff and the other Class members;

12     27.   For general unpaid wages and such general and special damages as

13  may be appropriate;

14     28.   For statutory wage penalties pursuant to California Labor Code section

15  1197.1 for Plaintiff and the other Class members in the amount as may be

16  established according to proof at trial;

17     29.   For pre-judgment interest on any unpaid compensation from the date

18  such amounts were due;

19     30.   For damages and penalties pursuant to California Labor Code section

20  558(a).

21     31.   For reasonable attorneys' fees and costs of suit incurred herein pursuant

22  to California Labor Code section 1194, subdivision (a);

23     32.   For liquidated damages pursuant to California Labor Code section

24  1194.2; and

25     33.   For such other and further relief as the court may deem just and proper.

26               **As to the Fifth Cause of Action**

27     34.   That the court declare, adjudge and decree that Defendants violated

28  California Labor Code section 226.7 and applicable IWC Wage Orders by willfully

1  failing to provide all meal periods (including second meal periods) and rest periods
2  to Plaintiff and the other Class members;

3      35.    That the court make an award to Plaintiff and the other Class members
4  of one (1) hour of pay at each employee's regular rate of compensation for each
5  workday that a meal period was not provided;

6      36.    That the court make an award to Plaintiff and the other Class members
7  of one (1) hour of pay at each employee's regular rate of compensation for each
8  workday that a rest period was not provided;

9      37.    For all actual, consequential, and incidental losses and damages,
10  according to proof;

11      38.    For premium wages pursuant to California Labor Code section 226.7,
12  subdivision (b);

13      39.    For pre-judgment interest on any unpaid wages from the date such
14  amounts were due;

15      40.    For damages and penalties pursuant to California Labor Code section
16  558(a); and

17      41.    For such other and further relief as the court may deem just and proper.

18                       **As to the Sixth Cause of Action**

19      42.    That the Court declare, adjudge and decree that Defendants violated
20  California Labor Code sections 2800 and 2802 by willfully failing to reimburse
21  Plaintiff the other Class members for all necessary business-related expenses as
22  required by California Labor Code sections 2800 and 2802;

23      43.    For actual, consequential and incidental losses and damages,
24  according to proof;

25      44.    For the imposition of civil penalties and/or statutory penalties;

26      45.    For punitive damages and/or exemplary damages according to proof
27  at trial;

28      46.    For reasonable attorneys' fees and costs of suit incurred herein; and

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1    47.    For such other and further relief as the court may deem just and
2    proper.

### As to the Seventh Cause of Action

4    48.    That the Court declare, adjudge and decree that Defendants violated
5    California Labor Code sections 201-204 and 227.3 by willfully failing to timely
6    pay Plaintiff and the other Class members for all wages due and owed upon
7    resignation or termination;

8    49.    For actual, consequential and incidental losses and damages,
9    according to proof;

10    50.    For the imposition of civil penalties and/or statutory penalties;

11    51.    For punitive damages and/or exemplary damages according to proof
12    at trial;

13    52.    For reasonable attorneys' fees and costs of suit incurred herein; and

14    53.    For such other and further relief as the court may deem just and
15    proper.

### As to the Eighth Cause of Action

17    54.    That the Court declare, adjudge and decree that Defendants violated
18    California Labor Code section 226 by willfully failing to provide Plaintiff and
19    other Class members with accurate paystubs;

20    55.    Pursuant to California Labor Code section 226(e), an award of fifty
21    dollars for the initial pay period in which a violation occurred and one hundred
22    dollars for each violation in a subsequent pay period, not to exceed an aggregate
23    penalty of four thousand dollars.

24    56.    Pursuant to California Labor Code section 226(g), injunctive relief to
25    ensure Defendants' compliance with California Labor Code section 226(a).

26    57.    Pursuant to California Labor Code sections 226(e) and (g), the full
27    amount of penalties due under California Labor Code section 226(e), reasonable
28    attorneys' fees and costs of suit; and

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1     58.    For such other and further relief as the court may deem just and

2 proper.

3                        **As to the Ninth Cause of Action**

4     59.    That the Court declare, adjudge and decree that Defendants violated

5 California Labor Code section 1174(d) by willfully failing to maintain accurate

6 payroll records for Plaintiff and other Class members;

7     60.    For actual, consequential and incidental losses and damages,

8 according to proof;

9     61.    For the imposition of civil penalties and/or statutory penalties,

10 including those available pursuant to California Labor Code section 1174.5;

11     62.    For punitive damages and/or exemplary damages according to proof

12 at trial;

13     63.    For reasonable attorneys' fees and costs of suit incurred herein; and

14     64.    For such other and further relief as the court may deem just and

15 proper.

16                       **As to the Tenth Cause of Action**

17     65.    For civil penalties pursuant to California Labor Code sections 2699,

18 subdivisions (a), (f) and (g) plus costs and attorneys' fees for violations of

19 California Labor Code; and

20     66.    For such other and further relief as the court may deem just and

21 proper.

22                      **As to the Eleventh Cause of Action**

23     67.    That the court decree, adjudge and decree that Defendants violated

24 California Business and Professions Code sections 17200, et seq.;

25     68.    For restitution of unpaid wages to Plaintiff and all the other Class

26 members and all pre-judgment interest from the day such amounts were due and

27 payable;

28     69.    For the appointment of a receiver to receive, manage and distribute any

and all funds disgorged from Defendants and determined to have been wrongfully

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

1   acquired by Defendants as a result of violation of California Business and
2   Professions Code sections 17200, et seq.;

3        70.    For reasonable attorneys' fees and costs of suit incurred herein pursuant
4   to California Code of Civil Procedure section 1021.5;

5        71.    For injunctive relief to ensure compliance with this section, pursuant to
6   California Business and Professions Code sections 17200, et seq.; and

7        72.    For such other and further relief as the court may deem just and proper.

8

9   Dated:  June 17, 2014          **R. REX PARRIS LAW FIRM**

10

11                  By:  /s/ Kitty Szeto

                  Kitty Szeto
12                     Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

1.    Plaintiff, on behalf of herself, and on behalf of all others similarly situated, requests a trial by jury.

Dated:  June 17, 2014          **R. REX PARRIS LAW FIRM**

By: /s/ Kitty Szeto
          Kitty Szeto
          Attorneys for Plaintiff

THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL